Patrick Burns, Defendant in Error, *v.* Thomas C. Lidwell, Plaintiff in Error.

### November 6, 1878.

1. The record in an action before a justice of the peace in St. Louis, to establish a stable-keeper's lien, must show the jurisdictional fact that the action was brought before a justice of the ward in which the claimant resides.

2. Where, in an action under the Claim and Delivery Act, the property has been taken from the owner, it is no defence for the captor to show that, at the time of the taking, a third person claimed a lien upon the property, the having such a lien being merely an abstract right, amounting to nothing unless in some way enforced.

Error to St. Louis Circuit Court.

*Affirmed.*

H. D. Laughlin and George A. Castleman, for plaintiff in error, cited: *Gray* v. *Parker*, 38 Mo. 165; *Ruggles* v. *Washington*, 3 Mo. 496; *Bosse* v. *Thomas*, 3 Mo. App. 472; *Wilson* v. *Gray*, 8 Watts, 35.

David Murphy, for defendant in error, cited: *Bast* v. *Ketchum*, 5 Mo. App. 433; *The State, etc.*, v. *Saline*, 51 Mo. 395; *Wilson* v. *Renter*, 29 Iowa, 176; *Dillon* v. *Railroad Co.*, 58 Mo. 69.

Bakewell, J., delivered the opinion of the court.

It appears from the record in this case that on July 16, 1876, one Watkins was keeping a landaulet and the two horses that drew it, at the stable of one Joyaile, to whom he owed at that date $270, for several months' keep of the horses and carriage, at the rate of $5 a month for the landaulet and

$35 for the pair of horses. On the same day, Watkins took away the horses and carriage, and sold the carriage to plaintiff for $1,000. The carriage was sold at a carriage-shop, and purchased by plaintiff in good faith, without knowledge of Joyaile's claim. On July 27th, Joyaile filed a statement before Young, a justice of the peace of St. Louis Township, claiming a lien upon the horses, carriage, and harness, for the board-bill, and such proceedings were had thereupon that next day judgment was entered for $277.50, and the same was declared a lien "on the animals named in plaintiff's account, viz., carriage, horses, and harness," and the constable was directed to sell "said animals." On this judgment execution was issued, commanding defendant in the present action, a constable, to sell "the carriage-horses and harness" described in the complaint. Defendant, by virtue of this writ, seized the landaulet in plaintiff's possession on August 4th.

The present action was commenced by plaintiff under the Claim and Delivery Act, to obtain possession of the property from the constable. The cause was tried before the court; there was a finding and judgment for plaintiff, and defendant appeals.

No declarations of law were given, and there are no exceptions to evidence. It is contended by appellant that, on this state of facts, judgment should have been for defendant.

Whether the act of March 27, 1875 (Acts 1875, p. 88), amending the second article of the General Statutes, in regard to liens (Wag. Stats. 906, sect. 2), warrants a justice, in a case of this kind, in directing a carriage to be sold, is a question discussed in the argument of this cause, but which it is not necessary to determine for the purposes of this case. The order seems to have been to sell the "carriage-horses," not the carriage, and the execution follows the order. Even that is not material, inasmuch as there is nothing in the evidence in the record from which it can be seen whether or not the justice who rendered the judgment was a justice of

the peace of the ward within which the claimant resided at the time the claim was filed.   The claimant is shown to have been a livery-stable keeper in St. Louis, and the act provides (Wag. Stats. 906, sect. 2) that the account must be filed (if in a city) with a justice of the ward in which the claimant resides.   It does not appear, therefore, that the justice had jurisdiction to render the judgment on which the execution issued, by virtue of which defendant took the property.  *Bast* v. *Ketchum*, 5 Mo. App. 433.   It is argued, however, that Joyaile had a lien which, under the act of March 27, 1875, was not divested by the removal of the property from his custody, and which existed independently of any judgment of the justice ; that he was therefore entitled to the possession of the carriage ; and that the constable having shown a right of possession in a third person, the plaintiff cannot recover.   But whether Joyaile had a lien against the carriage depends upon questions arising between himself and Watkins, neither of whom are parties to this record.   These questions cannot be litigated and determined in the present action.   Whether, if Joyaile had obtained judgment, a special execution could have issued against the carriage, under which defendant might have justified the capture, it is not necessary to decide.

In our statutory action, as well as in a replevin suit, property in a stranger may be pleaded and shown ; and it may be shown in this State without being specially pleaded, at least where there is no question of surprise.   But where property, as in this case, is taken from the possession of the owner, it is no defence for the captor to show that at the time of the taking a third person claimed a lien upon the goods ; although it might be a perfect defence to show that the lien was not only claimed, but judicially established, and that the captor held a writ directing him to enforce the lien.

The statute, it is true, provides (Stats. 1875, p. 88) that if the property be taken from the possession of the

livery-stable keeper, the lien shall still be effectual. But the having a lien is a mere abstract right, which amounts to nothing unless in some way enforced. As we have seen, the lien in this case was not enforced; an attempt was made to enforce it before an officer who is not shown to have had any jurisdiction in the matter, and who does not appear to have made any order in regard to the property in dispute.

The judgment of the Circuit Court is affirmed. All the judges concur.