STATE OF MISSOURI, TO THE USE OF ANDREW STAHL, Appellant, *v.* ANTON J. MICHEL ET AL., Respondents.

### May 20, 1879.

Where property is seized on execution while in possession of the judgment debtor, and another claims the property by virtue of a livery-stable keeper's lien, the officer properly sells it subject to the claim; he is not bound to demand a bond, and, in default thereof, deliver the property to the claimant.

APPEAL from St. Louis Circuit Court.
*Affirmed.*

T. J. ROWE, for appellant, cited: Sess. Acts 1877, p. 251, sect. 1; Wag. Stats. 906, sects. 1, 2; *Beall* v. *White*, 94 U. S. 382; *The State, etc.* v. *Platt*, 52 Mo. 469; *The State, etc.* v. *McKellop*, 40 Mo. 184; *The State, etc.* v. *Koch*, 47 Mo. 582.

H. N. HART, for respondents.

BAKEWELL, J., delivered the opinion of the court.
This is an action against a constable and the sureties on

his official bond. It appears that Michel, a constable of the city of St. Louis, seized a horse, harness, and buggy in the possession of Lynds & Bro., against whom he had an execution. The constable duly advertised; and on the day of sale, Stahl, to whose use this action is brought, served upon the constable a written notice, verified by affidavit, that he claimed the property, and that the interest claimed by him was a stable-keeper's lien for $80.33, the items of which were set out. The bill is made out against the defendants in the execution. The constable read the claim to the bidders at the sale, and notified them that the property would be sold subject to the claim. It is contended that the constable should have demanded a bond from the plaintiff in the execution; and if no sufficient bond was given, should have abandoned the levy to the claimant. The court, sitting as a jury, found for the defendant.

The law provides (Sess. Acts 1877, p. 251, sect. 1) that where personal property shall be seized on execution, and any person other than the execution debtor shall claim the same in the manner prescribed in the act, and set forth in his claim " the right, title, or interest of said claimant in and to said property," etc., the constable shall demand a bond, and, on failure to give it, may release the property to the claimant.

The horse, buggy, and harness seized in this case were not in the possession of the claimant when seized by the constable; they had been removed from the stable for several days. The statute, it is true, provides (Stats. 1875, p. 88) that if the property be taken from the possession of the stable-keeper, the lien shall still be effectual. But the mere having a lien is an abstract right, which amounts to nothing unless enforced. The claimant, at the time of his claim, had no such right, title, or interest in the property as warranted a delivery of the property to him.

*Burns* v. *Lidwell*, 6 Mo. App. 192. The constable acted with a strict regard to the rights of all parties in selling subject to the claim of the plaintiff to a lien.

The judgment is affirmed. All the judges concur.