Dowdy v. Wamble.

---

DOWDY, *Appellant*, v. WAMBLE *et al.*

### Division One, May 23, 1892.

1. **Replevin:** PRACTICE: APPEAL FROM JUSTICE OF PEACE: AMENDMENT. On appeal from a justice of the peace to the circuit court, a statement in replevin may be amended so as to introduce then, for the first time, facts essential to the action.

2. ———: ———: ———: ———. Changes in the Missouri statutes, touching such amendments, reviewed.

3. **Laws, Amendment of:** CONSTRUCTION. In determining the scope of a change in a statute, it is proper to consider the prior condition of the law on the subject.

4. **Jurisdiction:** "SUBJECT-MATTER." Jurisdiction of the "subject-matter" discussed.

5. ———: FACTS STATED: DETERMINATION OF COURT. Where facts stated show that a case belongs to a class of proceedings which a court is authorized to adjudicate, the question of the sufficiency of the showing made, to set the court in motion, is one for the determination of that court, whatever its rank.

*Certified from St. Louis Court of Appeals.*

REVERSED AND REMANDED.

Dowdy v. Wamble.

THE statement on which this cause was instituted reads as follows:

"STATE OF MISSOURI,  ⎫ ss.    Before J. C. Jennings,
"County of Stoddard, ⎭    Justice of the Peace.

"John L. Dowdy, as guardian of  minor ⎫
    heirs of George R. Harris, Plaintiff, ⎪
                 v.             ⎬ Statement.
"Joseph Wamble and  W. B. Jackson, ⎪
    Defendants. ⎭

"Plaintiff states that he is lawfully entitled to the possession of a certain lot of white-oak staves of the value of $50; that the same was on the twenty-fourth day of April, 1888, unlawfully taken, has been injured and is now wrongfully detained at the county aforesaid; that the same has not been seized under any process, execution or attachment against the property of the plaintiff, and that the plaintiff is in great danger of losing said property unless it be taken out of defendant's possession. Plaintiff further states that for the taking and the detention of said property, and for all injuries thereto, he is damaged $25. Wherefore plaintiff prays judgment for the recovery of said property, and $25 damages for the taking and detention thereof, and all injuries thereto.

Albert Jorndt, as agent of J. L. Dowdy, plaintiff, makes oath and says, that to the best of his knowledge and belief the facts and allegations contained in the above statement are just and true.

" Subscribed and sworn to before me by John L. Dowdy, this fourth day of May, 1888.

                "JAMES C. JENNINGS,
                    "Justice of the Peace."

The other facts appear in the opinion of the court.

*Houck & Keaton* and *T. H. Mauldin* for appellant. .

*J. L. Fort* for respondent.

BARCLAY, J.—This is a statutory action in the nature of replevin, begun before a justice of the peace, to recover a lot of white oak staves.

After the execution of an order of delivery, defendants personally appeared, a trial followed and plaintiff had judgment for possession, etc. Defendants appealed to the circuit court, and there made a motion to dismiss the action, because, *first*, the statement filed by plaintiff was not properly verified; *second*, that no cause of action in replevin was stated, in that it was not alleged "that the defendants or either of them took, injured or detained the property in dispute."

Pending this motion, plaintiff offered to amend his statement so as to supply the supposed omissions indicated; but the trial court refused to permit the amendment, sustained the motion to dismiss the cause and entered judgment accordingly.

From these rulings plaintiff appealed to the St. Louis court of appeals, after the ordinary moves to secure a review. The appellate judges differed in opinion as shown by the report of the case before them (41 Mo. App. 573); so they sent it to the supreme court in accordance with the provisions of the constitution. Const. Amend. 1884, sec. 6.

The result turns on the right of plaintiff (after an appeal from a justice to the circuit court) to amend a complaint which forms the basis of the action. Some omissions in the original paper resemble those held fatal in similar circumstances in *Gist v. Loring* (1875), 60 Mo. 487, and *Madkins v. Trice* (1877), 65 Mo. 656. But the case at bar arose after a material change had

been made, on this very point, in the statute law existing when those decisions were rendered. We refer to the passage of what is now section 6347 (R. S. 1889). *Gist v. Loring* and *Madkins v. Trice* (and some other cases of generally similar import, *Hanzberger v. Railroad* (1869), 43 Mo. 196; *Haggard v. Railroad* (1876), 63 Mo. 302) were ruled when the law declared that "the same cause of action, and no other, that was tried before the justice, shall be tried before the appellate court upon the appeal." G. S. 1865, p. 724, sec. 18; R. S. 1879, sec. 3058, same as sec. 6345, R. S. 1889, down to the proviso.

In substance those rulings precluded amendments in the circuit court, introducing new facts essential to the statutory action, after an appeal from a justice of the peace. That state of the law must be kept in mind.

There are few guides to construction more useful than that which directs attention to the prior condition of the law to aid in determining the full legislative meaning of any statutory change thereof.

After the courts had construed (as above indicated) the section last quoted, the following new one was engrafted upon the statute, in 1879, in close proximity to the other, namely:

"In all cases of appeal, the bill of items of the account sued on or filed as a counterclaim, or set-off, or the statement of the plaintiff's cause of action, or of defendant's counterclaim or set-off, or other ground of defense filed before the justice, may be amended upon appeal in the appellate court to supply any deficiency or omission therein, when by such amendment substantial justice will be promoted; but no new item or cause of action not embraced or intended to be included in the original account or statement, shall be added by such amendment. Such amendment shall be allowed upon such terms as to costs as the court may

deem just and proper.    R. S. 1879, sec. 3060, same as
sec. 6347, R. S. 1889.

We venture to say it would be difficult to suggest
language having a broader significance in this connec-
tion than the words *"intended* to be included in the
original account or statement" as here used.    Look-
ing at the prior law and to the manifest purpose in
changing it, namely, to simplify yet further the pro-
ceedings in causes originating before justices, we do
not doubt that the legislative intent was to relax the
rigid rule which those decisions established, and to
permit amendments on appeal, even where essential
facts were thereby first brought into the case.    And
such has been the view taken by this court in many
instances, of which a few only will be cited.    *Schulte v.
Railroad* (1882), 76 Mo. 324; *Kitchen v. Railroad*
(1884), 82 Mo. 686; *Manz v. Railroad* (1885), 87 Mo.
278; *Sprague v. Follett* (1886), 90 Mo. 547.

But it has been suggested, in the opinion of the
majority of the St. Louis court of appeals, that if
the original statement is so deficient as to confer on
the justice no jurisdiction of the subject-matter the
circuit court can acquire none on appeal.

In *Rosenheim v. Hartsock* (1886), 90 Mo. 365, this
court, speaking by Judge SHERWOOD, defined juris-
diction of the subject-matter of a cause as jurisdiction
"of all similar actions."    In *Posthlewaite v. Ghiselin*
(1889), 97 Mo. 424, it was held to mean "jurisdiction
of causes of the general class to which that action
belonged."    See also *State ex rel. v. Railroad* (1889),
100 Mo. 61.

Where a statute requires the statement of certain
facts to warrant affirmative action of the judicial power,
the omission to state all those necessary may justify a
refusal to grant the relief asked, or taint with error the
court's ruling on the insufficient showing; but where

enough facts are alleged to disclose that the case falls within a class of proceedings which the court is lawfully authorized to hear and decide, the question of the sufficiency of the showing, made for the purpose of setting the court in motion, is one of law for the determination of the court itself to which the showing is addressed, whatsoever its rank.

It will not be necessary, on this appeal, to decide whether or not the original statement was sufficient to give the justice jurisdiction to proceed. It may be assumed insufficient (as it was held in the court of appeals) without affecting the conclusion we shall announce.

The line of demarcation between the jurisdiction of justices and that of the circuit courts, over the statutory substitute for the action of replevin, forms a subject for legislative regulation. If the legislature sees fit, therefore, to permit an amendment of a statement or complaint (on appeal from a justice), whereby, for the first time, a lawful foundation is laid for the exercise of any jurisdiction over the cause, such enactment would not differ in principle from other laws governing the mode and manner of bringing into play the judicial power of the circuit court, in that class of actions.

In this aspect of the subject, it matters not what view be taken of the sufficiency of the first complaint. Under section 6347 plaintiff had, at least, the right to make it sufficient, by amendment, as he offered to do; and the refusal of his application to that end was the denial of a substantial right for which the judgment must be reversed.

It is unnecessary to give further reasons for this conclusion in view of the elaborate discussion in the court of appeals. We agree, in the main, with the positions taken in the opinion of Judge THOMPSON; and accordingly remand the cause to that court with direc-

tions to reverse and remand for further proceedings in conformity to this opinion. Chief Justice SHERWOOD and BLACK and BRACE, JJ., concur.