UNITED STATES FIDELITY & GUARANTY COMPANY OF BALTIMORE, MARYLAND, Appellant, v. FOSKETT-KESSNER FEED CO. et al., Respondents.

St. Louis Court of Appeals, March 17, 1903.

1. **Justice of the Peace: APPEAL WAS IN TIME.** On a motion for a rule on a justice to perfect his transcript, the clerk of the justice's court made an affidavit that he had inadvertently omitted from the transcript a line from the justice's docket which showed that the case was continued, and therefore it was held that the appeal was in time.

2. ———: ———: **AMENDMENT, PRESUMED NOT ALLOWED, WHEN.** Where replevin to recover a horse was dismissed by the justice on the ground that the damages exceeded his jurisdiction, from which an appeal was taken, and a paper attached to the transcript purported to be an amendment omitting the item of damages, and such paper contained nothing to show that it was filed, it would be presumed that the amendment was not allowed by the justice.

3. ———: ———: **CAUSE APPEALED: AMENDMENT TO CONFER JURISDICTION NOT ALLOWED.** Revised Statutes 1899, section 4079, provides that, on appeal from justices of the peace, the statement of a plaintiff's cause of action, filed before the justice, may be amended "to supply any deficiency or omission therein when by such amendment substantial justice will be promoted." *Held,* that, where an action was brought before a justice for a sum exceeding the justice's jurisdiction, such section did not authorize an amendment reducing the damages for the purpose of conferring jurisdiction.

Appeal from St. Louis City Circuit Court.—*Hon. H. D. Wood,* Judge.

AFFIRMED.

*E. M. Grossman* for appellant.

(1) Petition may be amended in the justice court to supply a jurisdictional fact. Burden v. Hornsby,

50 Mo. 238.. (2) Amendment supplying jurisdictional facts, or curing jurisdictional defects, can be made in the circuit court so as to bring the case within the jurisdiction of the justice, before whom suit was originally brought. R. S. 1899, sec. 4079; Vaughn v. Railroad, 17 Mo. App. 4; King v. Railroad, 79 Mo. 328; Keltenbaugh v. Railroad, 34 Mo. App. 147; Mitchell v. Railroad, 82 Mo. 106. (3) Corrections by amendment, of mistakes or omissions, or clerical errors or misprisions of a clerk of a justice court, should always be allowed, when not to do so would work an injustice on either party and when to do so would prejudice neither party. R. S. 1899, secs. 660, 670, 672, 673 and 4031; Bick v. Wilkerson, 62 Mo. App. 31; Witte Iron Works v. Holmes, 62 Mo. App. 372.

*Paxson & Clark* for respondents.

(1) If there is anything on which to base such an appeal this record fails to show it. We submit that appellant can cite no authority showing that the court has any such power—nor has it attempted to do so. The cases where timely application for relief is made are irrelevant. (2) Even if the court had discretional power, we submit that such discretion was not abused in this case under the adjudications of this court. (3) Remember that it is not a case of after-acquired evidence, but of correcting a transcript brought up by plaintiff itself. At most it was a matter of discretion with the court, and the court did not abuse that discretion in this case. Ryder, Shane & Hyman v. Roberts, 48 Mo. App. 132. (4) If this was not done, and it is clear beyond controversy that it was not, then the justice never obtained jurisdiction of the cause, and it is clear that if the justice never obtained jurisdiction of the case, then the circuit court never had jurisdiction, and the dismissal should be sustained. Branson v. Branson, 102 Mo. 613; Ganley v. Truitt, 63 Mo. 356;

Carver v. Richardson, 77 Mo. App. 459; Burden v. Hornsby, 50 Mo. 238.

BLAND, P. J.—The suit was begun before a justice of the peace in the city of St. Louis to replevy one horse of the alleged value of $500, and $200 damages for its wrongful detention. On November 9, 1900, the justice dismissed the suit for the reason that the damages sued for exceeded his jurisdiction. On November 20, 1900, plaintiff filed its affidavit and bond for an appeal to the circuit court. Its bond was approved and the appeal was granted by the justice.

In the transcript sent up by the justice is an amended petition in which the claim for damages is omitted, but there are no file-marks on the paper nor is there any entry in the justice's docket showing that permission was given to plaintiff to amend the petition or that an amended petition was filed. After the cause reached the circuit court, plaintiff filed an amended petition omitting the item of damages.

Defendants moved to dismiss the cause for want of jurisdiction in the circuit court over the subject-matter of the suit. This motion was overruled. The defendants then filed separate answers. After filing answers defendants filed what they call a supplementary motion to dismiss the suit for want of jurisdiction in the circuit court over the subject-matter of the action. The court sustained this motion and dismissed the cause at plaintiff's cost. A timely motion to set aside the order dismissing the cause and for new trial proving of no avail, plaintiff appealed to this court.

1. There is a question as to whether or not the appeal was taken in time. The transcript shows the cause was dismissed by the justice on the ninth of November. The clerk of the justice's court made an affidavit to the effect that he made out the transcript and in so doing he inadvertently omitted one line from the justice's docket which showed that the case was continued from

the ninth until the fourteenth of November, and that the cause was dismissed on the fourteenth; if so, then the appeal was taken within ten days from the rendition of the judgment. The plaintiff filed this affidavit in support of a motion for a rule on the justice to perfect his transcript, which motion the court overruled on the ground, as we assume, that the court, as it had a right to do, found from the facts before it that the appeal was taken in time. Hansford v. Hansford, 34 Mo. App. (St. L.) l. c., 270; In re Webster, 36 Mo. App. (St. L.) l. c., 362-3; Dowdy v. Wamble, 110 Mo. l. c., 283-4.

Plaintiff concedes that the amount of damages sued for in the original complaint exceeded the jurisdiction of the justice, but contends that it filed with the justice an amended complaint that brought the entire subject-matter of the suit within the justice's jurisdiction. A statement purporting to be an amended complaint (which would bring the case within the justice's jurisdiction) was attached to the transcript and sent up to the circuit court by the justice. Section 3937, Revised Statutes 1899, authorized the justice, on motion of the plaintiff, to make the amendment. He was not required to enter in his docket the fact that leave had been granted to amend or that the amendment had been made (R. S. 1899, sec. 3844). The only evidence that an amendment was allowed is the filing by the justice of the amended paper. The so-called amended complaint had no file-marks. Had the amendment been allowed the justice would have committed error in dismissing the suit for want of jurisdiction of the subject-matter. We are, therefore, bound to conclude that the amendment was not allowed by the justice, since to hold otherwise would be to put the justice in error and to find that he allowed the amendment, when there is no evidence that he did so.

2. The amendment made after the cause reached the circuit court was such as to bring the subject-matter of the suit within the jurisdiction of the justice. De-

fendants contend that the amendment was inadmissible after the cause reached the circuit court. Section 4079, Revised Statutes 1899, provides that in cases of appeal from justice of the peace courts, the statement of a plaintiff's cause of action filed before the justice may be amended in the appeal court "to supply any deficiency or omission therein, when by such amendment substantial justice will be promoted." This section has been very liberally construed by the appellate courts.

In Heman v. Fanning, 33 Mo. App. 50; it was substantially decided that if the amendment could have been made, had the suit been brought in the circuit court, it might be made on appeal from the justice's court.

In Dowdy v. Wamble, supra, an amendment was allowed after the appeal to show a jurisdictional fact. The same thing was allowed in an attachment suit in Daniel v. Atkins, 66 Mo. App. 432. A like ruling was made in Kincaid v. Griffith, 64 Mo. App. l. c., 676.

The only prohibition against amendments of complaints after appeal, seems to be that no new or different cause of action shall be substituted.

The jurisdiction of the circuit court of a cause appealed from a justice, is derivative. If the justice had no jurisdiction of the subject-matter of the suit, the circuit court can acquire none by the appeal. Osborne v. Schutt, 67 Mo. 712; Rankin v. Fairley, 29 Mo. App. 587; McCann v. Sawyer, 59 Mo. App. 480.

But it is contended by appellant that on appeal of any suit of any class over which justices are given jurisdiction, an amendment may be made in the circuit court to cure an omission of a jurisdictional fact. We think this is correct. But appellant's counsel seems to have an erroneous conception of what the courts mean by the word "class," when discussing this question. His contention is that the word embraces every case, regardless of the sum demanded, if the justice

is given jurisdiction at all over actions of a like kind. We do not so understand the decisions. As we understand them the word "class," in this connection, means those cases which the statute has marked out and given justices of the peace jurisdiction over. When a suit is commenced before a justice which does not for any reason come within the standards set up by the statute, it is not in the class of cases over which justices of the peace have jurisdiction. It affirmatively appears that the suit did not come within the jurisdiction of the justice. While an amendment may be allowed on appeal to supply an omitted jurisdictional fact, no case can be found where an amendment has been allowed for the purpose of conferring jurisdiction, where it affirmatively appeared that jurisdiction over the subject-matter of the suit had not and never could attach in the justice's court.

The judgment is affirmed. All concur.