PATCHEN, Respondent, v. DURRETT, Appellant.

St. Louis Court of Appeals, January 16, 1906.

1. **JURISDICTION:** Justices of the Peace: Jurisdictional Facts: When courts of inferior and limited jurisdiction are exercising special statutory powers in a mode of procedure unknown to the common law, all jurisdictional facts must affirmatively appear on the face of the papers; and a complaint filed before a justice of the peace to enforce an agister's lien under article 2, chapter 47, Revised Statutes of 1899, which did not aver that the plaintiff resided in the township wherein the action was begun, did not show that the justice had jurisdiction of the cause.

2. ———: ———: Amendments on Appeal to Show Jurisdictional Facts. But under sections 4079 and 4236, Revised Statutes of 1899, such a complaint after appeal to the circuit court could be amended so as to complete the statements of facts essential to jurisdiction.

Appeal from Lewis County Circuit Court.—*Hon. Edwin R. McKee*, Judge.

AFFIRMED.

*Richard J. McNally* for appellant.

This is an action brought before a justice of the peace to establish an agister's lien under sections 4228, 4229 R. S. 1899. The complaint, which appears in the

abstract, failed to aver a necessary jurisdictional fact, to-wit, that plaintiff was a resident of LaBelle township, Lewis county, in which the suit was brought. This is an action in derogation of the common law and is *strictissimi juris* and can receive no help from intendments, but any matter necessary to confer jurisdiction must appear on the face of the proceedings. Bank v. Barse, 61 Mo. App. 143; Peed v. Barker 61 Mo. App. 556. This statute must be strictly construed, and in this respect it is like mechanics' and landlord's liens. Stone v. Kelly, 59 Mo. App. 214. While the Supreme Court has held that amendments may be allowed to supply jurisdictional facts (82 Mo. 106), this has reference only to ordinary actions before justices of the peace. Johnson v. Fischer, 56 Mo. App. 552. Court not allowed to supply jurisdictional omission. It is *coram non judice.* Corrigan v. Morris, 43 Mo. App. 456. A circuit court's jurisdiction on appeal is derivative only. Want of jurisdiction may be taken advantage of at any stage. Gideon v. Hughes, 21 Mo. App. 528. The record in an action before a justice of the peace in St. Louis to establish a stable keeper's lien, must show the jurisdictional fact that the action was brought before a justice of the peace of the ward in which plaintiff resides. Burns v. Lidwell, 6 Mo. App. 192. In eminent domain recital of jurisdictional facts must affirmatively appear upon the face of the record. Nothing will be supplied by intendment or implication. Jones v. Zink, 65 Mo. App. 412.

*Dowell & Simpson* for respondent.

The court did not err in permitting respondent to amend the statement, filed before the justice. Section 4229, R. S. 1899; Section 4236, R. S. 1899; Section 4079, R. S. 1899; Dowdy v. Wamble, 110 Mo. 280; 100 Mo. App. 728; Kincaid v. Griffith, 64 Mo. App. 676; Bank v. Doak, 75 Mo. App. 332; Mitchell v. Railway, 82 Mo. 106; Land Co. v. Jeffries, 40 Mo. App. 360.

GOODE, J.—This action was instituted before a justice of the peace for the purpose of enforcing the agister's lien given by the statutes (R. S. 1899, art 2). The complaint contained no averment to show that the plaintiff Patchen resided in the township wherein the action was begun; that is to say, in LaBelle township. Judgment was rendered by default before the justice of the peace in favor of the plaintiff and the cause was appealed to the circuit court. The defendant appeared in the latter court and filed a motion to dismiss the case for the reason that the court had no jurisdiction of it, as the justice of the peace had no jurisdiction in the first instance. Plaintiff was permitted to amend his complaint by inserting an averment that he was a resident of La-Belle township; and, after this amendment was made, the court overruled the motion to dismiss. A jury trial followed, which resulted in a verdict for the plaintiff and judgment accordingly. The defendant appealed to this court. It is assigned for error that the plaintiff was wrongly permitted to amend his original statement. The position taken by the defendant is that the proceeding was begun before a court of inferior jurisdiction and seeks to enforce a special statutory right, unknown to the common law, by a summary method different from the ordinary procedure; hence, that unless every jurisdictional fact was stated in the original complaint, the justice had no jurisdiction; and as the jurisdiction of the circuit court on appeal had to be derived from that of the magistrate, no amendment of the complaint was permissible, but the proceeding should have been dismissed on defendant's motion. The proposition that the facts requisite to give the justice jurisdiction of the cause should have been stated, is sound; as the agister's lien is of statutory creation and the remedy to enforce it summary. [Schultheis v. Nan, 4 Mo. App. 592; Burns v. Lidwell, 6 Mo. App. 192; Stone v. Kelley, 59 Mo. App. 214.] When courts of limited and inferior jurisdiction are exercising special statutory powers in a mode of pro-

cedure unknown to the common law, all jurisdictional facts must affirmatively appear on the face of the papers. [State v. Metzger, 26 Mo. 65; Haggard v. Railway Co., 63 Mo. 302.] And the same rule has often been applied to superior courts when the right at issue was purely statutory and a new method of enforcing it was provided by the statute. [Werz v. Werz, 11 Mo. App. 26-32; Galpin v. Page, 18 Wall. 350, 371; Pulaski County v. Stuart, 28 Gratt. 879.] This rule governs actions before justices under our statutes giving double damages against railway companies for killing stock. [Haggard v. Railway Co., supra.] Yet in such an action, an amendment of the complaint is permitted in the circuit court, to show the animal was killed in the township wherein the action was brought or an adjoining township, so as to complete the statement of the facts essential to the jurisdiction. [Mitchell v. Ry. Co., 82 Mo. 106.] And the like rule prevails in attachments for rent under the landlord and tenant act. [Daniel v. Atkins 66 Mo. App. 342.] In such cases, as in others wherein it is vital to jurisdiction that certain facts be shown, amendments to show the facts, are allowed by virtue of the statute providing for amendments on appeals from judgments of justices of the peace, to supply defects and omissions so as to promote substantial justice. [R. S. 1899, sec. 4079.] An exception to this liberal rule has been made in forcible entry and unlawful detainer proceedings, on the ground that the chapter of the statute providing for those remedies furnishes a scheme of procedure complete in itself and containing no authority for jurisdictional amendments. [Johnson v. Fischer, 56 Mo. App. 552.] The counsel for the present defendant strives to liken this action on an agister's lien to one of forcible entry, as both are of summary character, and thereby make the decision last cited a controlling precedent. This argument, and the foregoing general considerations discussed by counsel, lose their force because of a certain provision of our statutes relating to agister's liens. The

last section of the very article of the statutes on which this action is based, provides that all proceedings under the article, when it is not otherwise specifically provided, shall be governed by the general laws of the state concerning actions of replevin. [R. S. 1899, art. 2, sec. 4236.] The article contains no inhibition against allowing amendments in the circuit court in order to show the existence of facts on which depended the jurisdiction of the justice before whom a proceeding was instituted. Now in actions of replevin, such amendments are allowable in the circuit court on appeal from a magistrate's judgment. [Dowdy v. Wamble, 110 Mo. 280, 19 S. W. 489; United States Fidelity & Guaranty Co. v. Foskett-Kessner Feed Co., 100 Mo. App. 724, 73 S. W. 364.] Therefore, we have no doubt that the circuit court was right in ruling that the plaintiff might amend his complaint. The judgment is affirmed. *Bland, P. J.* and *Nortoni, J.,* concur.