Short v. Morrison.

---

J. J. SHORT et al., Defendants in Error, v. JAMES M. MORRISON, Trustee, Plaintiff in Error.

Springfield Court of Appeals, July 7, 1910.

1. REPLEVIN: Justices' Courts: Appeal to Circuit Court: Jurisdiction: Change of Cause of Action. After an appeal by defendant to the circuit court from a judgment of a justice of the peace in a replevin suit, the plaintiff filed an amended petition describing and suing for other and additional property not sued for in the justice court and increasing the amount demanded so that it exceeded the jurisdiction of the justice court. *Held,* that the circuit court had no jurisdiction in the cause as set up in the amended petition.

2. **PLEADING: Replevin: Amendments: Justices' Court: Appeal to Circuit Court.** Although the statement in a replevin suit filed before a justice of the peace did not state that the property was wrongfully detained in the county, nor that it had not been seized under any process, execution or attachment against the property of the plaintiffs, yet the justice has jurisdiction of the cause and the statement may be amended on appeal to the circuit court.

3. **JUSTICES' COURTS: Replevin: Service of Process.** Where no bond is given in a replevin suit before a justice of the peace, the summons may be served as in other cases and the justice may deputize another person not a constable to serve the same.

4. ——: **Appeal to Circuit Court: When Cause is Triable.** When an appeal from a justice of the peace is not taken on the day of trial and no notice is given by the party who takes the appeal, and the appellee does not enter his appearance and elect to try the cause on or before the second day of the term of the circuit court to which the appeal was returnable, the cause could not be tried at that term except by consent of parties.

5. ——: ——: **Jurisdiction.** The jurisdiction of the circuit court on appeal from the justice of the peace is derivative and the same cause of action must be tried that was tried before the justice, and the circuit court has no authority to render a judgment for a larger amount than the law permitted the justice to render in the same cause.

Appeal from Stoddard Circuit Court.—*Hon. J. L. Fort,* Judge.

REVERSED AND REMANDED.

*Robert L. Wilson* for plaintiff in error.

(1) The cause did not stand for trial at the March term, 1908, but as a rule of law stood adjourned until the September term, 1908, of said circuit court. R. S. 1899, secs. 4074, 4075; Nay v. Railroad, 51 Mo. 515; Blakely v. Railroad, 79 Mo. 342; Hawley v. Railroad, 80 Mo. 540. (2) The jurisdiction of the circuit court in appeal cases from the justices of the peace is derivative. Mason v. Hannah, 30 Mo. App. 190; R. S. 1899,

secs. 3835, 4077.   The circuit court cannot on appeal render a judgment in an amount which the justice for lack of jurisdiction could not have rendered.   Saunders v. Scott, 3 S. W. 874; Brennan v. McNemary, 78 Mo. App. 126; Nutter v. Houston, 42 Mo. App. 363; Evans v. Railroad, 67 Mo. 255.

GRAY, J.—On application of the plaintiff in error, this case was taken to the St. Louis Court of Appeals by writ of error issued from that court on the 8th day of June, 1908, directed to the circuit court of Stoddard county, and the cause is in this court on transfer from the St. Louis Court of Appeals.

This is an action in replevin without bond instituted by plaintiffs before a justice of the peace in Stoddard county.   Plaintiffs were residents of   Stoddard county, and the defendant was a resident of Cape Girardeau county.   In the suit before the justice, the statement filed alleged that Frances Short, one of the plaintiffs, was the absolute owner of a yearling colt; that the plaintiffs were the equal owners   of   three   other horses described in the statement, all of the value of $230; that the defendant wrongfully detained the property from plaintiff.

The statement was sworn to before the justice.   No bond having been given, the justice issued a summons and deputized one Z. T. Waller to serve the same.   In due time Mr. Waller made his return showing service on the defendant in the township of the justice in Stoddard county.

In the justice court the defendant appeared and filed a motion to dismiss the case, alleging as reasons therefor that one T. C. Jenkins was the constable of New Lisbon township, and the return showed the summons was served by one Z. T. Waller, who was not a deputy constable.   The justice overruled the motion, and defendant having limited his appearance for the purpose of the motion only, and further failing to plead or appear

in the case, judgment was rendered against the defendant for the property and twenty dollars damages for the wrongful detention thereof.

The judgment of the justice was rendered on the 20th day of December, 1907, and on the 6th day of January, 1908, the defendant prayed for and was granted an appeal to the circuit court of Stoddard county. The first term of the Stoddard County Circuit Court after said appeal, convened on the fourth Monday in March. The defendant did not give notice to plaintiffs of his appeal, as provided by the statute, previous to the March term, and neither did the plaintiffs enter their appearance in said court and elect to try, as provided by statute. During the March term of court, the plaintiffs filed an amended petition, describing the property and the ownership, the same as in the statement before the justice, and in addition thereto, it was alleged that the plaintiff, J. J. Short, was the owner of certain horses and cattle described in the statement of the value of $205, and that J. J. Short also was the owner of certain other stock in which his one-half interest was worth $76, and alleging that the total property was worth $529, and asked for judgment for the same and for damages in the sum of $100.

After the filing of this amended petition, the defendant did not appear and the court rendered judgment against the defendant, finding the ownership of the property as alleged in the amended petition, and rendering judgment against the defendant for $629, the value of the property, and the $100 damages. From the judgment, as heretofore stated, the plaintiff sued out a writ of error.

The statement before the justice did not state that the property was wrongfully detained in Stoddard county, or that it had not been seized under any process, execution or attachment against the property of the plaintiffs, and for this reason the defendant claimed that the justice was without jurisdiction, and that the

statement was not susceptible of amendment.   In Gist
v. Loring, 60 Mo. 487, and Madkins v. Trice, 65 Mo. 656,
the Supreme Court so held, but after the amendment of
the statute relating to amendments of complaints in ac-
tions commenced before a justice of the peace, our Su-
preme' Court repudiated the doctrine announced in the
previous cases.   [Dowdy v. Wamble, 110 Mo. 280, 19 S.
W. 489; Brewing Co. v. Ehlhardt, 139 Mo. App. 129,
120 S. W. 1193.]

The fact that the summons was served by a person
deputized by the justice and not by the constable or his
deputy, did not render the service void.   No bond was
given or filed with the justice, and therefore, the justice
issued a summons as in other cases, as authorized and
directed by section 3906, Revised Statutes 1899.

When the case reached the circuit court, the cause
was not for trial at the March term unless the plaintiffs
entered their appearance and elected to try, as provided
by the statute.   This they did not do, but after the time
had expired given to them to enter their appearance and
elect to try, they filed an amended petition in which
they not only sued for the property described   in   the
statement before the justice, but for other property, and
in which it was stated that one of the plaintiffs had no
interest, and the other only an undivided one-half in-
terest, and alleged that the value of the property was
$529, and a judgment was rendered in favor of plaintiffs
upon this amended statement for over $600.

We will take judicial notice that Stoddard county,
at the time this suit was commenced and tried, had a
population of less than 50,000 inhabitants.   [Mason v.
Hannah, 30 Mo. App. 190.]

In actions before justices of the peace in counties
of the population of Stoddard, the jurisdiction of a jus-
tice of the peace in an action of replevin, is limited to
where the value of the property sought to be recovered

and the damages claimed shall not exceed $250. [Section 3900, Revised Statutes 1899.]

The judgment of the circuit court cannot be permitted to stand for different reasons. First, the appeal was not taken on the day of trial, and no notice having been given and the plaintiffs not having entered their appearance and elected to try on or before the second day of the March term, the cause could not be tried at that term unless by consent of parties. [Blakely v. Railroad Co., 79 Mo. 342.] Second, the jurisdiction of the circuit court on appeal from the justice of the peace is derivative and the same cause of action must be tried that was tried before the justice. [Section 4077, Revised Statutes 1899.] This was not done in this case. Plaintiffs sued for other and additional property than claimed in the suit before the justice, and the amount sued for was beyond the jurisdiction of the justice court. The appellate court had no authority to render a judgment for a larger amount than the law permitted the justice to render in the same case. [Saunders v. Scott, 132 Mo. App. 209, 111 S. W. 874.]

The defendant asks that we reverse the judgment without remanding the cause. The statement filed before the justice was subject to amendment in the circuit court, and, therefore, we will reverse the judgment and remand the cause, and give the plaintiffs an opportunity, if they so desire, to withdraw the amended statement and amend their statement filed before the justice of the peace so as to sue for that part of the property described in the original statement filed before the justice of the peace which they both claim to own. In making the amendment, due regard should be had to the form required by the statute in such cases. All concur.