CLARA E. GIBSON, Defendant in Error, v. JEFFERSON BALL, Plaintiff in Error.

**Kansas City Court of Appeals, November 20, 1911.**

1. REPLEVIN: Amendment: Description. A statement of a case in replevin before a justice of the peace may be amended in the circuit court on appeal, changing the description of the property from "six turkeys" to "six large early bronze turkeys there being one hen, fourteen pounds, and five gobblers, sixteen pounds each."

2. ——: ——: Failure to Take Property: Jurisdiction of Action. The return of the constable that he served the defendant, but did not take any property for the reason he could not identify it, did not deprive the court of jurisdiction to proceed with the action.

Error to DeKalb Circuit Court.—*Hon. A. D. Burnes*, Judge.

AFFIRMED.

*J. W. Sullinger* and *A. D. Hewitt* for plaintiff in error.

*Edward G. Robison* for defendant in error.

ELLISON, J.—Plaintiff claimed the right to the possession of six turkeys in defendant's possession, and brought an action in replevin for them before a justice of the peace. On appeal to the circuit court she obtained judgment for them.

In the original statement the plaintiff described the turkeys simply as "six turkeys," and the constable in making return of service of the writ on defendant stated he could not take any turkeys for the reason that he could not identify them. On appeal to the circuit court the statement was amended so as to read "six large early bronze turkeys, there being one hen, fourteen pounds, and five gobblers, sixteen pounds each."

It is difficult to find any reasonable ground upon which this appeal can be based. The amendment in the description was clearly proper. [Dowdy v. Wamble, 110 Mo. 280; Patchen v. Durrett, 116 Mo. App. 437; Brewing Co. v. Ehlhardt, 139 Mo. App. 129; Sawyer v. Burris, 141 Mo. App. 108.] In Short v. Morrison, 149 Mo. App. 372, Judge GRAY said that:

"The statement before the justice did not state that the property was wrongfully detained in Stoddard county, or that it had not been seized under any process, execution or attachment against the property of the plaintiffs and for this reason the defendant claimed that the justice was without jurisdiction, and that the statement was not susceptible of amendment. In Gist v. Loring, 60 Mo. 487, and Madkins v. Trice, 65 Mo. 656, the Supreme Court so held, but after the amendment of the statute relating to amendments of complaints in actions commenced before a justice of the peace, our Supreme Court repudiated the doctrine announced in the previous cases."

The fact that the constable did not seize the property in executing the writ did not affect the court's jurisdiction of the action. The statute (sec. 7775, R. S. 1909) especially recognizes that the property may not be taken from the defendant's possession and yet the action be prosecuted: "When the plaintiff does not ask for the possession of the property pending suit, or fails to file bond required of him, or when the property claimed has not been taken from

the possession of the defendant, the cause shall proceed the same as if the same had been taken by the officer. . . . "

It is necessary that a plaintiff in replevin should prove that the defendant had possession of the property at the institution of the suit and that is what was decided in Clark v. Sublette, 117 Mo. App. 519. It was not said in that case, as seems to be supposed, that if the property was not seized there would not be jurisdiction of the action.

The objections to the verdict are wholly unsubstantial.

The judgment of the trial court is affirmed. All concur.