AUGUST H. YAEGER, Appellant, v. W. T. McILROY, Respondent.

St. Louis Court of Appeals.    Submitted on Briefs December 5, 1911.    Opinion Filed January 9, 1912.

JUSTICES' COURTS: Pleading: Amendment. Where, in an action before a justice of the peace, plaintiff filed an insufficient statement of his cause of action, but afterwards filed a sufficient statement within the time required by the justice, on which the case was tried, the action was not subject to dismissal, on appeal to the circuit court, on the theory that the original statement filed was no statement at all and hence was not amendable, since section 7413, Revised Statutes 1909, provides that no such suit shall be dismissed or discontinued for want of a statement of the cause of action or for any defect or insufficiency therein, if the plaintiff shall file a sufficient statement before the jury is sworn or the trial commenced, or when required by the justice.

Appeal from St. Louis City Circuit Court.—*Hon. Charles Claflin Allen,* Judge.

REVERSED AND REMANDED.

*Walter H. Nohl* for appellant.

Justice O'Halloran was clearly within the statute when he required plaintiff to file a sufficient statement of his cause of action and then proceeded to try the case and render judgment. It was not his duty to dismiss, for the statute provides that no suit shall be dismissed on account of any defect or insufficiency if the plaintiff file the instrument or account before a jury is sworn or trial commenced. Revised Statutes 1909, section 7413, Carter v. Womack & Staggs, 64 Mo. App. 338; White v. Railroad, 98 Mo. App. 542; Buzzard v. Hofeman, 61 Mo. App. 464; Keyes & Watkins v. Freber, 102 Mo. App. 315.

*Frank A. C. Macmanus* for respondent.

No amendment can be allowed when statement wholly fails to state a "cause of action", and this is so whether the originators of this caricature of a "case at law" was possessed of a plaintiff or not. Recknitzer v. Candy Co., 82 Mo. App. 311; Brennan v. Mc-Menamy, 78 Mo. App. 122; Maxwell v. Quinby, 90 Mo. App. 469; Neno v. Railroad, 105 Mo. App. 540; Brashears v. Strock, 46 Mo. 221; Gunther Bros. v. Aylor, 92 Mo. App. 161. No amendment can be directed which substitutes an entirely different cause of action or parties, or omits the real party in interest. Heimburger v. Harrison, 83 Mo. App. 547. The only departure made in this case was the departure of the justice from the fundamental rule.

REYNOLDS, P. J.—It appears from the abstract of the record in this case that on the 6th of October, 1908, plaintiff filed a statement, which, in the language

of Judge BLISS in Brashears v. Strock et al., 46 Mo. 221, "was about as near no statement as could well be made." The justice before whom it was filed, however, issued summons which was duly served upon defendant, who appeared and after various continuances, took a change of venue to another justice of the same district. There both parties appearing, the cause was continued from time to time until the 11th of May, 1909, when defendant moved to dismiss on the ground "that no cause of action has ever been filed herein." This motion was duly entitled in the names of the parties plaintiff and defendant. The justice continued the cause to the 18th of May and directed plaintiff to file a sufficient statement of his cause of action. On that day plaintiff filed a very elaborate statement of his cause of action, practically a petition, attaching to it a lease, the cause of action stated being default in the payment of a month's rent by defendant for premises covered by the lease, the lease requiring the payment of $125 a month in advance. The action was for the rental due for the month of August, 1908. The defendant filed an answer in writing which in addition to a general denial set up payment and want of authority in plaintiff to sue, as also other affirmative defenses. Plaintiff filed a reply in writing to this. The cause went to trial before the justice and resulted in a judgment in favor of plaintiff for the amount demanded, whereupon defendant appealed to the circuit court. In that court when the cause was called for trial plaintiff, to sustain the issues on his part, offered in evidence the lease referred to. Counsel for defendant objected to the introduction of any testimony in the cause, on the ground that the amended statement filed with the justice was not only a departure from the original cause of action but that there was never anything in the original cause of action before the justice upon which an amendment could be based. The court sustained this objection and dis-

missed the suit. To this action plaintiff duly excepted and, filing his motion for a new trial, and that being overruled and exception saved, has perfected his appeal to this court.

In following the decision of our Supreme Court in Brashears v. Strock et al., supra, the learned trial court overlooked two propositions. The first is that in Brashears v. Strock et al., the attempt to change the statement or, more correctly speaking and in the light of the decision in that case, the attempt to state a cause of action was first made in the circuit court after the appeal from the justice. In the case at bar the statement was amended in the justice's court before the appeal. The parties went to trial before the justice on that amended statement and it was on that statement that the judgment of the justice was rendered. In the second place our statute governing proceedings before a justice of the peace has been very materially changed since the decision was rendered in Brashears v. Strock et al. Section 7413, Revised Statutes 1909, in the chapter concerning the commencement of suits and service of process before justices of the peace, after providing for the filing of the instrument of writing on which the action is founded, if on a written instrument, and providing that no other statement or pleading shall be required, and providing that if the suit is founded on an account, that a bill of items of the account shall be filed, and that in all other cases, a statement of the facts constituting the cause of action, and the amount or sum demanded, shall be filed with the justice, reads: "but no suit shall be dismissed or discontinued for want of any such statement of cause of action, or for any defect or insufficiency thereof, if the plaintiff shall file the instrument or account, or a sufficient statement, before the jury is sworn or the trial commenced, or when required by the justice." This whole section 7413 ap-

162 App.—38

peared for the first time in our law in the Revised Statutes of 1879, where it appears as section 2852. From that time on the decision in Brashears v. Strock et al., has been inapplicable. Under this quoted clause of section 7413 neither the action nor the appeal should have been dismissed. [See Dowdy v. Wamble, 110 Mo. 280, 19 S. W. 489.]

The judgment of the circuit court is reversed and the cause remanded. *Nortoni* and *Caulfield, JJ.*, concur.