T. J. ALEXANDER, Appellant, v. H. McFARLAND, Respondent.

Springfield Court of Appeals, May 9, 1919.

1. **JUSTICES OF THE PEACE:** Appeal: Amendment: Amount Sued For. Amendment cannot be made for the first time in the circuit court, on appeal from a justice court, to reduce the amount sued for in justice court from $300 to $250, in order to bring it within the amount allowed to be sued for in justice court.

2. ———: Jurisdictional Amount: Waiver of Part of Demand: Evidence. If a plaintiff waives part of his demand in justice court in order to confer jurisdiction, there should be some statement filed by him contained, within the roll, or some entry made by the justice evidencing such waiver.

Appeal from Taney Circuit Court.—*Hon. Fred Stewart,* Judge.

AFFIRMED.

*Moore, Barrett & Moore* for appellant.

*Walker & McConkey* for respondent.

FARRINGTON, J.—This cause originated in the justice court of Taney County, Missouri, and is a suit brought by the plaintiff in replevin to recover three hundred railroad ties, alleged to be of the value of $250. The statement filed with the justice further alleges that the plaintiff was damages on account the taking and detention thereof in the sum of $50, making the total amount sued for $300.

Under section 7758, Revised Statutes of 1909, a replevin suit in Taney County cannot be for a greater amount than $250, if brought before a justice of the peace. The case was tried in the justice court, resulting in judgment in plaintiff's favor for possession of

the ties, and a judgment for $27 allowed the defendant on account of expenses and commissions. The case was appealed to the circuit court, and the defendant filed a motion to dismiss on the ground that the circuit court had no jurisdiction. The plaintiff filed a motion to amend his petition so as to confer jurisdiction. The trial court overruled plaintiff's motion to amend, and sustained defendant's motion to dismiss, and it is from this action that the plaintiff brings his appeal to this court.

The appellant contends here, first, that he was entitled to amend his affidavit or statement in the circuit court in order to confer jurisdiction.

There are a number of cases in Missouri relied upon by appellant, some of which are cited below, which hold that on an appeal from the justice court to the circuit court, under section 7587, Revised Statutes 1909, an amendment may be made in the circuit court which amendment constitutes a statement of a jurisdictional averment, without which appearing a justice court would have no jurisdiction. It being held in the leading case of Dowdy v. Wamble, 110 Mo. 280, 19 S. W. 489, that where the petition in the replevin suit filed in the justice court failed to state that the defendants or either of them took, injured or detained the property in dispute, an amendment might be made supplying this omission after the case reached the circuit court on appeal. This question is thoroughly discussed in the same case and found in the 41 Mo. App. 573, in which case the dissenting opinion of THOMPSON, J., certifying the cause to the Supreme Court was upheld.

It is held in the case of Patchen v. Durrott, 116 Mo. App. 437, 92 S. W. 721, that amendments might be made in the circuit court in order to show the existence of facts on which depended the jurisdiction of the justice before whom a proceeding was instituted. Amendments have been allowed in cases brought under the double damage statute for killing stock by railroad companies so as to show the township in which the killing

occurred, after the case was on appeal in the circuit court from the justice court. [See Mitchell v. Railway, 82 Mo. 107.] This merely allowed a statement of a fact to be averred where such fact existed, and which fact existing gave jurisdiction. [See, also, the cases of Short v. Morrison, 149 Mo. App. 372, 130 S. W. 78; Gibson v. Ball, 159 Mo. App. 345, 141 S. W. 23.] All of these cases hold that the jurisdiction of the circuit court was acquired from the jurisdiction of the justice court, and on analyzing these cases which have been cited, it will be found that the amendments when permitted in the circuit court were amendments which, when stated, were merely averments of fact which existed, and which facts existing gave the justice court jurisdiction to try the cause.

The question presented here, however, is a different proposition, as the petition shows on its face that the amount involved in the justice court is $300, which is in excess of the amount allowed by statute. There can be no doubt that under the decisions the plaintiff might have reduced the amount asked for in the justice court, and by a proper showing, either by an amended petition, an entry of record, or a finding in the judgment of the justice the cause would have stood for trial in the circuit court on the amount for which it was tried in the justice court. But here the only record in the case showing the amount that plaintiff brought suit for is shown by the petition or statement filed in the justice court, and that is for an amount over which a justice court has no jurisdiction. There could be no amendment made in the circuit court showing a fact which gave the justice court jurisdiction of this cause, because the fact remains that the petition asks for $300.

In the cases cited by appellant, and heretofore discussed, the amendment allowed was the statement of a fact which existed and which gave the justice court jurisdiction of that case, while in the case at bar the fact remains that the suit as tried in the justice court under the pleadings was for $300, a fact which excludes

the justice court from cases wherein the amount involved is over $250.

The St. Louis Courts of Appeals, in the case of U. S. Fid. & Guaranty Co. v. Feed Co., 100 Mo. App. 724, 73 S. W. 364, holds directly on the proposition before us that the amendment cannot be made in the circuit court for the first time to reduce the amount sued for in order to bring it within the amount allowed to be sued for in the justice court.

Respondent cites the case of Stephens v. Rebert, 186 Mo. App. 456, 171 S. W. 638, decided by this court. There this question was not before us. The motion to dismiss had been sustained in the trial court, there being no offer to amend, and that opinion merely holds that on such fact the trial court correctly sustained the motion to dismiss, and also held that the amount involved in a replevin suit is determined from the statement and affdavit.

We also find in the case of Koesterv v. Lowenhardt, 177 Mo. App. 699, 160 S. W. 566, that the court there held that an amendment might be made in the circuit court to reduce the amount asked for in the prayer of the petition filed in the justice court. The opinion clearly shows that the statement filed did not exceed the jurisdictional amount in justice courts, and it was a clerical error in asking in the prayer for more than the amount which the statement itself showed the plaintiff was entitled to.

The plaintiff offered some evidence tending to show that there was a waiver of the damages in the trial in the justice court. There is no showing made by the record entered by the justice, nor any paper filed in the cause which indicates that the suit is not for $300, the alleged value of the ties and the alleged amount ofthe damages.

It has been held in the case of Knoche v. Perry, 90 Mo. App. 483, that regardless of the proof, the value alleged in the complaint determines the jurisdiction.

We are, therefore, of the opinion that if a plaintiff does waive a part of his demand in the justice court in order to confer jurisdiction, there should be some statement filed by him contained within the roll, or some entry made by the justice evidencing such waiver. In the case of Fidelity & Guaranty Co. v. Feed Co., 100 Mo. App. 724, 73 S. W. 364, it was held that although there was a petition, bearing no file mark, enclosed within the transcript and sent up by the justice to the circuit court, which complaint if filed in the justice court would have given jurisdiction, there being nothing further shown in the record that an amendment was made, it would be presumed that none was made in the justice court. We, therefore, are of the opinion that the circuit court was correct in its judgment in dismissing the plaintiff's appeal, and the judgment is affirmed. *Sturgis, P. J.,* and *Bradley, J.,* concur.