BIGELOW BOYSEN AND ALICE E. BOYSEN, APPELLANTS, v. DR. MELVIN McCULLOUGH AND RUSSELL PATTERSON, SHERIFF OF NEWTON COUNTY, MISSOURI, RESPONDENTS.—185 S. W. (2d) 824.

Springfield Court of Appeals.   February 15, 1945.

*Ruark & Ruark* for appellants.

596

*Wayne V. Slankard* for respondents.

VANDEVENTER, J.—This cause had its origin in the circuit court of Newton County, Missouri, on the 18th day of April, 1944, by the appellants' filing a petition seeking to restrain the sheriff of Newton County and one Dr. Melvin McCullough from levying, or causing a levy to be made, upon appellants' property by virtue of an execution, based on a judgment of said circuit court. On the same day, a temporary injunction was asked and granted by the judge of said court in vacation. The petition was later amended, a demurrer filed thereto, sustained by the court and the temporary injunction dissolved. Appellants refused to plead further and their petition was dismissed. An affidavit for appeal was filed, sustained and the cause sent here.

The facts, material here, as shown by the amended petition are: On November 1, 1942, appellants purchased from Dr. Melvin Mc-

Cullough and wife a dwelling and at the same time, entered into an oral agreement permitting them to retain a piano, located in said premises, for one year from that date. On March 30, 1943, appellants were served with a summons and writ of replevin issued out of a justice court in Neosho Township, Newton County, whereby Dr. McCullough sought to recover possession of the piano, alleging its value to be $250. An amended statement was filed, again alleging the value of the piano to be $250 and also asking for $250 damages for the taking and detention thereof and for injuries thereto. A change of venue was had and upon a hearing, the justice rendered judgment for plaintiff, finding him entitled to the possession of the piano and awarded him damages in the sum of $250, as prayed for. On the day of the judgment, the piano was taken from the custody of appellants. On May 14, 1943, a transcript of the judgment of the justice was filed in ''Neosho Township,'' an execution issued thereon and served on appellants. Appellants, on May 20, 1943, filed a petition for writ of *certiorari* in the circuit court of Newton County. The petition was heard in the Newton County circuit court and the court entered an interlocutory judgment, remanding the case for a new trial before the justice of peace, unless a *remittitur* of $125 should be made by Dr. McCullough. The Doctor's attorney complied with the court's order and remitted the sum of $125 by *remittitur* duly filed in the circuit court on June 23, 1943 and it appears that no further action was ever taken by the circuit court. The petition then alleges that an execution was issued on the interlocutory judgment of the circuit court, a levy was made upon appellants' automobile, and that the sheriff of Newton County is threatening to sell the same on April 10, 1944, to recover the sum of $167. It is then alleged that the judgment of the justice of peace is void because in excess of his jurisdiction and that the action taken by the circuit court is also void and of no effect; that the purported judgment is a lien upon certain real estate of plaintiffs and a cloud upon their title. The petition alleges that the plaintiffs are ''Readers in the First Church of Christ, Scientists, Neosho'' and that the various actions of respondents tend to place them in disrepute in the community. They pray the court to permanently enjoin respondents from enforcing said judgment and from levying any execution founded upon such judgment upon the property of the appellants.

In the briefs of both appellants and respondents, it is conceded that the judgment of the justice of peace is void because the amount claimed was in excess of his jurisdiction; that Newton County is a county of less than 50,000 inhabitants and that a justice of peace in said county has no jurisdiction in matters involving more than $250.

We take judicial notice that Newton County has less than 50,000 population. [Ruckert v. Richter, 106 S. W. 1081, 127 Mo. App. 664; State ex rel. v. Mooneyham et al., 253 S. W. 1098, 212 Mo. App. 573.]

The value of the piano and damages claimed in the amended statement and affidavit in replevin exceeded $250 and the judgment rendered by the justice of peace was void. [Section 2934, Mo. R. S. Anno. 1939; Stevens v. Reberert, 171 S. W. 638, 186 Mo. App. 456; Alexander v. McFarland, 213 S. W. 488, 203 Mo. App. 229.] This being true, the action of the circuit court could not vitalize it in whole or in part:

"*Certiorari* is a remedy narrow in its scope and inflexible in its character. It is not a general utility tool in the legal workshop. It cannot be made to serve the purpose of an appeal or writ of error. All that can be done under it is either to quash or to refuse to quash the proceedings of which complaint is made." [State ex rel. Manion v. Dawson, 225 S. W. 97, l. c. 99, 284 Mo. 490. See also: State ex rel. v. Ellison, 268 Mo. 225, l. c. 238, 186 S. W. 1075.]

This question now arises: Can a sheriff be enjoined from making a levy by virtue of an execution issued upon a judgment void upon its face? We think that he cannot. This question was before the Supreme Court of Missouri in the case of St. Louis I. M. & S. R. Co. v. Reynolds et al., 1 S. W. 208, 89 Mo. 146. In this case the Railroad sought to enjoin the levy of an execution issued upon a void judgment. SHERWOOD, J., speaking for the Supreme Court said:

"If the justice of the peace had acquired no jurisdiction, as the petition alleges, the railway company has no need to come into a court of equity to enjoin proceedings which are void *ab initio*. If the judgment of the justice is void, then will the execution issued thereon be void also, and equity will not interfere to do a nugatory act. The remedy of the railway is ample and adequate at law, and this prevents the interposition of a court of equity, as a suit could be maintained against the constable as a trespasser, and the purchaser's pretended title would be valueless. This is elementary law."

In Marsala v. Gentry et al., 232 S. W. 1046 (Kansas City Court of Appeals); an injunction was sought to restrain the sale of real estate under an execution, on the ground that such sale would cast a cloud upon the title. A temporary injunction was granted. Defendants filed a demurer to the petition which was overruled and they refused to plead further. The injunction was made permanent and they appealed to the Kansas City Court of Appeals. That court reversed the trial court and held that as to Marsala, the judgment, upon which the execution was issued, was void upon its face and that it cast no cloud upon his title. The court said that, "the title, lien or claim which is asserted to cast such a cloud must be one apparently valid upon the face of the record, requiring resort to extrinsic evidence to establish its invalidity." The court further said:

"Injunction will not lie to restrain the sale of land under an execution issued upon a void judgment. . . . If these facts alleged in the petition are true, the record in the other case (where the

judgment was obtained) would not show an entry of appearance of the defendant therein, but it would show a void judgment for lack of service on said defendant. We think that it is apparent the petition fails to state a cause of action." [See also: Henman v. Westheimer, 110 Mo. App. 191, 85 S. W. 101.]

Appellant also had a complete and adequate remedy at law by moving to quash the execution. This was not done and the petition states no reason for failure to do so. [Stockton, Executor, v. Ransom, Adm'r., 60 Mo. 535; Ruckert v. Richter, *supra.*]

In Stockton v. Ransom, *supra,* the probate court had rendered a void judgment, execution had been issued and a levy made on personal property. Stockton sought to enjoin the sale. A temporary injunction was granted and later made permanent. Stockton appealed and the Supreme Court reversed the trial court, saying:

"But here, in the first place, there was no judgment to set aside; and had there been an irregular judgment, nothing is averred to show that the execution could not have been arrested or quashed in the court where the supposed judgment was entered."

We hold in this case that the trial court correctly sustained the demurrer to appellants' petition, and its judgment is accordingly affirmed. *Blair, P. J.,* and *Fulbright, J.,* concur.