BERRY, *Appellant*, v. TILDEN.

**Agistment of Cattle**: LIEN: ACTION UNDER THE STATUTE: TENDER. Tender of the full amount due for the keep of cattle extinguishes the lien given by the statute, (2 Wag. Stat., 906,) but does not take away the plaintiff's right to an ordinary money judgment for that amount without costs if he refuses the tender and sues to enforce a lien for a greater amount.

*Appeal from Jasper Court of Common Pleas.*—HON. E. O. BROWN, Judge.

REVERSED.

*C. A. Winslow* for appellant.

The plaintiff was entitled to recover the amount due, whether he established his lien or not. The law is so settled in the case of mechanics' liens, and there is no reason to distinguish the two cases. *Patrick v. Abeles*, 27 Mo. 184; *Mulloy v. Lawrence*, 31 Mo. 583. Our statute fixes the effect of a tender. It also fixes the nature of the tender to be made. Tender before suit, followed by deposit in court, stops the accumulation of interest and damages, and gives the defendant costs. 1 Wag. Stat., § 23, p. 345. Tender and no deposit in court prevents the accumulation of interest and damages only. 1 Wag. Stat., § 24, p. 346. All the record shows in this case is a tender without deposit; and plaintiff was, therefore, entitled to judgment for, at least, $29 and costs, irrespective of the lien. *Berrel v. Davis*, 44 Mo. 407.

*Harding & Buller* for respondent.

The proceeding to enforce an agister's lien in this

State is both statutory and summary, (2 Wag. Stat., 906,) and necessarily depends upon the existence of a lien. In this case the tender dissolved the lien. *Tiffany v. St. John,* 65 N. Y. 314; *Winter v. Coit,* 7 N. Y. 288; *Boardman v. Sill,* 1 Campb. 410; *Weeks v. Goode,* 6 C. B. (N. S.) 367; *Coggs v. Bernard,* 2 Ld. Raymond 909; 8 Coke 146*a; Kortright v. Cady,* 21 N. Y. 367; *Scarfe v. Morgan,* 4 M. & W. 270; *Moynahan v. Moore,* 9 Mich. 9; *Granby M. & S. Co. v. Turley,* 61 Mo. 375; Smith's Manual Com. Law, 229; Story on Sales, 285; Addison on Torts, 451; 4 Wait's Actions & Defenses, 234. The statute concerning tender does not purport, and is not intended, to abrogate the common law principle that a tender dissolves a lien. It only applies to costs, and is under the head of costs.

HOUGH, J.—This was an action brougn, unaer the statute which gives a lien for keeping and boarding animals. The only question in the case is, whether a party can obtain a judgment for the sum due for such keeping and boarding, if it shall appear at the trial that he has, for any reason, lost his lien. In the present case there was a dispute between the parties as to the amount due for feeding the defendant's animals, and a tender was made by the defendant of a sum less than the plaintiff claimed to be due, but greater than the jury found to be due. As a tender of the sum due extinguished the plaintiff's lien, and there could, therefore, be no judgment for the enforcement of any lien, the common pleas court refused to render an ordinary judgment for the plaintiff for the amount found by the jury to be due him, but dismissed his suit. In cases where the claim of the plaintiff seems to be made in good faith for a sum greater than that tendered by the defendant, and the existence of the lien is, therefore, made to depend upon whether the plaintiff or the defendant is right as to the sum due, and the plaintiff fails at the trial to establish his claim to more than has been tendered, we can see no good reason for refusing him an ordinary judgment

for the sum which he does establish to be due. The fact that this statute provides for a shorter notice and a speedier trial than in ordinary cases, furnishes no good ground of objection, as this provision is evidently made for the benefit of the defendant as well as the plaintiff, and to enable the former to receive possession of his property without delay, by a speedy ascertainment of the amount of the lien. In the absence of any provision in the statute under which this suit was brought, requiring the suit to be dismissed in the event the plaintiff fails to establish his lien, we think the ends of justice will be best subserved by giving the plaintiff judgment for such sum as he has shown to be due. Section 3197, of the revised statutes now in force, expressly provides for such a course. The judgment will be reversed and the cause remanded. The other judges concur.