STATE ex rel. DRYDEN, Relator, v. JOHNSON, etc.,
Respondent.

St. Louis Court of Appeals, November 1, 1904.

1. **APPEAL: Lien For Keeping Animals.** Under section 4258 of
the Revised Statutes of 1899, an appeal will lie from a judgment
enforcing a lien for pasturing cattle allowed by sections 4228
and 4229.

2. ———: ———. Section 4059 of the Revised Statutes of 1899,
allows an appeal in such cases, there being no statutory provis-
ion denying the right of appeal in an action for a lien for keep-
ing animals.

Certiorari to Montgomery Circuit Court.

PROCEEDING DISMISSED.

*J. F. Ball* for relator.

*John Barnett* for respondent.

GOODE, J.—The purpose of this proceeding is to
have the jurisdiction of the circuit court of Montgom-
ery county of the cause of A. B. Dryden v. George
Britt, investigated. A writ of certiorari was issued
from this court, and, in obedience to it, a transcript of
the record in said cause, from its inception, has been
filed here. That litigation was instituted before a jus-
tice of the peace of the proper township, to enforce a
lien in favor of Dryden for keeping and pasturing cat-
tle belonging to Britt. The action was founded on
sections 4228 and 4229 of the Revised Statutes. The
proceedings before the justice were had after personal
service on the defendant Britt, and appear to have been
regular. They resulted in a judgment against Britt
for $15 and the enforcement of a lien against the cat-
tle. Britt appealed to the circuit court of Montgomery

county. Dryden's attorney filed a motion in that court to dismiss the appeal on the ground that no appeal was allowed by the statutes in such a case and, therefore, the circuit court was without jurisdiction. This motion rested without a ruling on it, or an effort to call it up, until the action had been called for trial, a jury qualified and the issues stated by counsel. Then Dryden's counsel asked leave to present his motion to dismiss, and leave being granted, it was argued and overruled. Dryden withdrew from the trial which proceeded to a judgment for the defendant Britt. Dryden subsequently moved to set aside the verdict and judgment on the ground of want of jurisdiction in the circuit court and on other grounds; that motion was overruled and no further step was taken in the circuit court. Instead this proceeding was instituted here.

The article of the present statutes under which Dryden's action was brought, that is article 2 of chapter 47, says nothing about an appeal from a justice's judgment in such an action; but at the conclusion of article 5 of the same chapter, entitled, "Equitable Liens and Notice Thereof" is this section (4258): "The right of appeal shall exist in all cases arising under this chapter." That section is No. 6760 of the Statutes of 1889 and No. 3218 of the Statutes of 1879. In the statutes last named, article 5, in which the section is contained, is the last article of the chapter and the section the last provision of the chapter. It was introduced into the revision of 1879 as a new section and gave an appeal in all cases arising under the chapter and in a case like Dryden's; for a preceding article of the chapter provided for the enforcement of a lien for keeping animals. Besides, section 4059, article 10 of chapter 43 concerning justices' courts, says any person aggrieved by any judgment rendered by a justice of the peace, except a judgment by confession, may appeal to the circuit court unless otherwise provided by law. There is no provision denying the right of appeal from

a judgment in an action for a lien for keeping animals. Such a judgment may be for money only without enforcing a lien, if the facts do not warrant a lien. It would be a harsh construction to say a judgment on account cannot be appealed from if given under the article of the statutes regarding liens for keeping animals. The relator's motion for judgment on the respondent's return is overruled and the proceeding dismissed. All concur.