Raymond NEWTON, Appellant,

v.

B.P.S. GUARD SERVICES, INC. and Crawford & Company, Respondents.

No. WD 45159.

Missouri Court of Appeals, Western District.

June 23, 1992.

Richard L. Colbert, Colbert & Associates, Kansas City, for appellant.

Kristine S. Focht, Watson, Ess, Marshall & Enggas, Kansas City, for respondent B.P.S. Guard Services, Inc.

G. Spencer Miller, Miller, Dougherty & Modin, Kansas City, for respondent Crawford & Co.

Before BRECKENRIDGE, P.J., and SHANGLER and HANNA, JJ.

BRECKENRIDGE, Judge.

On June 8, 1990, Raymond Newton filed an action in the Jackson County Circuit Court alleging negligence on the part of respondent, B.P.S. Guard Services, Inc., and fraud on the part of respondent, Crawford & Company. The action was dismissed upon respondents' motions to dismiss, based upon the statute of limitations. Mr. Newton's sole point on appeal contends that the trial court erred in dismissing his petition because respondents' pleadings failed to establish, as a matter of law, that his cause was barred by the statute of limitations. The judgment is affirmed.

Mr. Newton's petition, filed June 8, 1990, had its genesis in events occurring on June 14, 1983. On that date, Mr. Newton was shot by an off-duty employee of B.P.S., Marilyn Handy, with a .38 caliber revolver. Mr. Newton alleged in Count I of his petition that B.P.S. was negligent in (1) failing to train Ms. Handy in the proper use of a .38 caliber revolver; (2) entrusting Ms. Handy with the revolver as she had been diagnosed as a paranoid schizophrenic; and (3) employing Ms. Handy as an armed security guard, entrusting her with a weapon and allowing her to retain possession of that weapon.

On June 14, 1983, Mr. Newton was shot twice in his stomach, once in his buttock and once in his right arm. He underwent surgery at St. Luke's Hospital and was ultimately released, continuing treatment in the hospital's outpatient facility. Shortly thereafter, Mr. Newton was arrested, tried and convicted for interstate transportation of forged documents. He was sentenced to federal prison for five years, and his confinement commenced on November 19, 1984.

Upon his confinement in federal prison, Mr. Newton was hospitalized immediately for stomach pain, then diagnosed as permanent damage to the nerve fibers of the stomach due to gunshot wounds. It was at this point, he alleges, that his condition was first capable of ascertainment. Mr. Newton was released from prison in 1989.[1] He continued to receive treatment for damage to the nerve fibers in his stomach.

In Count II of his petition, Mr. Newton alleged fraud in that Crawford & Company, hired by B.P.S. to compromise all claims, made false representations relied upon by Mr. Newton "for the purpose of gathering information to defraud plaintiff's claim along with others." Both B.P.S. and Crawford & Company filed motions to dismiss contending that Mr. Newton's claim was

---

1. There appears from the record to be a conflict over whether Mr. Newton was released in 1987 or 1989. The 1989 date is taken from Mr. Newton's brief and pleadings.

barred by § 516.120, RSMo 1986,[2] the applicable statute of limitations and for failure to state a claim upon which relief could be granted. The trial court sustained these motions and Mr. Newton appeals.

Mr. Newton contends that the trial court erred in sustaining respondents' motions to dismiss because said motions failed to establish, as a matter of law, that his cause was time-barred. Section 516.100 provides "that for the purposes of sections 516.100 to 516.370, the cause of action shall not be deemed to accrue when the wrong is done or the technical breach of contract or duty occurs, but when the damage resulting therefrom is sustained and is capable of ascertainment...." The five-year statute of limitations, § 516.120, would appear a bar to the instant action. June 8, 1990, is more than five years from the date of the shooting, June 14, 1983.

Mr. Newton argues that his condition was not capable of ascertainment until after his confinement, when he suffered from a permanent paralysis of certain nerves in his stomach. The decisive issue in the instant case is when the complained of injury was capable of ascertainment. Under the facts in the instant case, the crucial date is June 14, 1983, the date of the shooting.

The term "capable of ascertainment" has never been precisely defined. *Carr v. Anding*, 793 S.W.2d 148, 150 (Mo.App.1990). However, the term is held to refer to the fact of damage, not the precise amount. *Earls v. King*, 785 S.W.2d 741, 744 (Mo.App.1990); *Southern Cross Lumber & Millwork Co. v. Becker*, 761 S.W.2d 269, 271 (Mo.App.1988). The statute of limitations is triggered where damage is capable of being ascertained, even when the full amount of damage is not ascertainable. *Zero Mfg. Co. v. Husch*, 743 S.W.2d 439, 441 (Mo.App.1987). The test is to "ascertain the time when plaintiff could have first maintained the action to a successful result." *Janssen v. Guaranty Land Title Co.*, 571 S.W.2d 702, 705 (Mo.App.1978).

In the instant case, the fact of damage occurred when Mr. Newton was shot. It was at this point that the damage was ascertainable. Mr. Newton's argument that he did not know the full extent of his damages does not excuse his failure to file suit within five years, as he could have maintained a successful suit dating to the time of the shooting. *Janssen*, 571 S.W.2d at 705. "[W]hen an injury is complete as a legal injury, the period of limitations commences at once." *Id.*

Mr. Newton's imprisonment did not toll the statute. Section 516.170 provides for the tolling of the statute of limitations for any person who is imprisoned on a criminal charge "at the time the cause of action accrued." Mr. Newton was not incarcerated on the date of the shooting, June 14, 1983, the date upon which his cause of action accrued. Consequently, § 516.170 cannot be used to toll the statute of limitations. *Chambers v. Nelson*, 737 S.W.2d 225 (Mo.App.1987).

Mr. Newton does not address the dismissal of Count II of his petition in which he alleges fraud on the part of Crawford & Company in collusion with B.P.S., to deprive him of his cause of action. Crawford & Company has filed a motion to dismiss in this court, pursuant to Rule 84.10 based upon Mr. Newton's failure to argue trial court error on the grounds that the count for fraud was viable and properly pled. Crawford & Company is correct. Mr. Newton's failure to raise this point of error constitutes a waiver. Rule 84.04(d) requires that challenged actions and rulings of the trial court be briefly and concisely stated in the points relied on. Mr. Newton's point relied on and the argument thereunder, references only the question of the statute of limitation as it relates to the discovery of the damage to his stomach. It makes no mention of Count II, the alleged fraud of Crawford & Company or B.P.S.

The trial court's order, sustaining the motions of B.P.S. and Crawford & Company is affirmed.

All concur.

**2.** All statutory citations are to Revised Missouri Statutes 1986, unless otherwise stated.