**ESTATE OF Velma BOSHERS, Deceased, Jo Ann Boshers, Personal Representative, Plaintiff–Appellant,**

**v.**

**The HUMANE SOCIETY OF MISSOURI, INC., and Frank David Garcia, Defendants–Respondents.**

No. 19843.

Missouri Court of Appeals, Southern District, Division One.

June 1, 1995.

Richard L. Anderson, Kimberling City, for plaintiff-appellant.

Virginia L. Fry, Carol T. Aiken, Woolsey, Fisher, Whiteaker & McDonald, P.C., Springfield, for defendants-respondents.

MONTGOMERY, Judge.

This is an appeal from an order granting a summary judgment in favor of Defendants. For reasons which follow, the appeal is dismissed.

---

**573**

In her second amended petition, Plaintiff Velma Boshers purported to state a claim against Defendants for prima facie tort, conversion, and punitive damages. These claims arose out of a search of Plaintiff's premises, under authority of a search warrant, for neglected or abused animals in the care of Plaintiff.

On September 8, 1993, Defendants filed a Motion for Summary Judgment which was sustained by the trial court on January 25, 1994. In that order, the trial court recited that "Plaintiff Velma Boshers ... is now deceased, and her two daughters, JoAnn [sic] and Donna ... have now been substituted in her place...." In spite of this recitation, the order granted summary judgment against the deceased Plaintiff and in favor of Defendants on all counts.

The notice of appeal reflects that Appellant is Jo Ann Boshers, Personal Representative of the estate of Velma Boshers. In the statement of facts portion of her brief, Appellant states that "Plaintiff Velma Boshers died during the pendency of this civil action and her personal representative was substituted as party plaintiff, and is appellant on this appeal."

The record before us consists of the legal file only. The legal file does not contain a suggestion of Plaintiff's death. It contains no motion or order for substitution of a party in accordance with Rule 52.13(a)(1).

■ Even though not raised by either side, an appellate court is obligated to notice *sua sponte* matters preventing it from obtaining jurisdiction. *Committee for Educ. Equality v. State,* 878 S.W.2d 446, 450 (Mo. banc 1994). An appellate court lacks jurisdiction whenever the judgment appealed is not final. *Taylor v. F.W. Woolworth Co.,* 641 S.W.2d 108, 110 (Mo. banc 1982).

Under almost identical circumstances to the instant case, this Court, in *Haley v. City of Linn Creek,* 583 S.W.2d 590 (Mo.App. 1979), held that the judgment in that case was null and void for lack of a final and appealable judgment.

There, plaintiff died after trial but prior to entry of judgment. The judgment was entered in the name of the deceased plaintiff, finding for her on some issues and against her on others. Thereafter, a suggestion of death and a motion for substitution was filed. An order substituting Edward Haley, the decedent's executor, as plaintiff in the case was issued. Haley appealed.

This Court said:

The judgment entered by the trial court has never been amended to reflect the substitution of Edward Haley as plaintiff in the cause. It remains a judgment for and against a dead person. While substitution of parties upon the death of a litigant may allow continuation of an action in a proper case (§ 507.100, RSMo 1978), it is apparent that no valid judgment can be rendered until such substitution is accomplished. The judgment in this case, entered in the name of the original plaintiff after her death, is absolutely null and void as there is no final and appealable judgment.

*Id.* at 591 (citations omitted).

■ This case is like *Haley* except that here the record fails to reflect that a suggestion of Plaintiff's death was filed or that Appellant was properly substituted as a party. That difference does not change the result. The order granting summary judgment remains a judgment against a dead person. The order was entered in the name of Plaintiff after her death, not against Plaintiff's personal representative, whomever that may be. Therefore, the order granting summary judgment is null and void as there is no final and appealable judgment.

The appeal is dismissed.

SHRUM, C.J., and FLANIGAN, J., concur.