**The HUMANE SOCIETY OF MISSOURI, Plaintiff/Respondent,**

v.

**Jo Ann BOSHERS, Personal representative of the Estate of Velma Boshers, Defendant/Appellant.**

**No. 71287.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 22, 1997.

Richard L. Anderson, Kimberling City, for defendant/appellant.

D. Keith Henson, St. Louis, for plaintiff/respondent.

GRIMM, Judge.

In this case, the Humane Society seeks a lien on animals placed in its care in 1989 under the provisions of section 430.165, RSMo 1994. The trial court denied defendant's request for a jury trial, heard evidence, and awarded the Humane Society a lien of $602,324.73.

Defendant appeals. She raises four issues, including the denial of her request for a jury trial. We hold that defendant was entitled to

a trial by jury and therefore reverse and remand.

## I. Background

In 1989, during two separate searches, the Laclede County Sheriff's Office impounded animals from Velma Bosher's property. The searches and resulting arrests generated at least three cases, *State ex rel. Donna Faye Boshers v. Dotson*, 879 S.W.2d 730 (Mo.App. S.D.1994); *State ex rel. Jo Ann Boshers v. Dotson*, 879 S.W.2d 734 (Mo.App.S.D.1994); and *State ex rel. Velma Boshers v. Dotson*, 879 S.W.2d 734 (Mo.App.S.D.1994).

Immediately after impounding the animals, the sheriff placed them in the Humane Society's care. In 1991, Velma Boshers sued the Humane Society. In her second amended petition, she alleged prima facie tort and conversion, seeking actual and punitive damages. She died December 30, 1992, however suggestion of her death was not filed. The trial court granted the Humane Society summary judgment, which the southern district found to be null and void due to the failure to substitute the personal representative as a party. *Estate of Boshers v. Humane Society of Missouri, Inc.*, 899 S.W.2d 572, 573 (Mo. App. S.D.1995).

Following that decision and other proceedings, the trial court again granted the Humane Society summary judgment. On appeal, the southern district affirmed. *Boshers v. Humane Society of Missouri, Inc.*, 929 S.W.2d 250 (Mo.App. S.D.1996).

In the meantime, the Humane Society brought this action. It sought a lien under sections 430.150 and 430.165, RSMo 1994 as well as permission to sell the animals and apply the proceeds to satisfy the lien.

The trial court granted the Humane Society judgment. It found the amount of the lien was $602,324.73 and the market value of the animals was $9,304. It authorized the Humane Society to sell the animals to satisfy the lien.

## II. Jury Trial

■ In her first point, defendant alleges the trial court erred in refusing her request for a jury trial. She contends she was enti-

tled to have a jury determine the amount owing and lienable.

The petition alleged that Humane Society brought its action pursuant to section "430.150 *et seq* (RSMo.1986)." That section allows an officer who impounds animals to place them in the care of any incorporated humane society or other responsible person. Further, it provides that the humane society or person "shall be entitled to a lien on the animal for the reasonable cost of the care of the animal, as provided in sections 430.150 and 430.160."

Section 430.150, RSMo 1994 gives to every person who keeps or boards an animal, a lien on the animal for "the amount due therefor." This lien is a statutory lien and did not exist at common law. *See Patchen v. Durrett*, 116 Mo.App. 437, 92 S.W. 721, 722 (1906). Section 430.160, RSMo 1994 sets forth the procedure to enforce the lien.

The lien authorized by sec. 430.150, RSMo 1994 is of long standing in Missouri. Section 1 of chapter 196 of Missouri's General Statutes of 1866 is substantially similar to present sec. 430.150.

Section 2 of chapter 196 of the 1866 statutes concerns enforcement of the lien. It provides that the person claiming the lien should file an account with the justice of the peace where the claimant resides. The justice issues a summons, as in ordinary civil cases, and sets the matter for a hearing. The 1866 statute continued, stating that "the justice shall proceed to try the cause, *either in person or by jury*, as is provided by law in other cases." Sec. 2, chap. 196, Missouri General Statutes of 1866 (emphasis added). Identical language is in chapter 88, art. II, sec. 2, Missouri Statutes, 1872. Parties were entitled to a jury. *See Berry v. Tilden*, 70 Mo. 489, 490 (Mo.1879).

The 1879 statutes reflect an amendment to this section. The quoted clause was amended to read, "the cause shall, on the day fixed for trial, be tried as any ordinary case in a justice's court." Sec. 3197, RSMo 1879. Either party could demand that a cause in a justice's court "be tried by a jury." Sec. 2974, RSMo 1879. Identical clauses to these 1879 provisions are in the Missouri Revised

Statutes for 1889 (sec. 6731 and sec. 6262), 1899 (sec. 4229 and sec. 3994), 1909 (sec. 8239 and sec. 7503), 1919 (sec. 7251 and sec. 2826), 1929 (sec. 3191 and sec. 2276), and 1939 (sec. 3581 and sec. 2662). Thus, for more than sixty years, the statutory provisions were identical. And under those provisions, these lien cases could be tried to juries. *See e.g. Patchen*, 92 S.W. at 722 (action under 1899 statute. "A jury trial followed...."); *State ex rel. Dryden v. Johnson*, 108 Mo.App. 140, 82 S.W. 962, 963 (1904) (action under 1899 statute. "A jury qualified ... [and the trial] proceeded to a judgment").

In 1945, the people of Missouri adopted a new constitution. The position of justice of the peace was abolished and magistrates were created. The provisions for liens for keeping animals were placed in chapter 430 in the 1949 Missouri Revised Statutes. Section 430.160, RSMo 1949 concerned the enforcement of liens, and provided that a person claiming a lien should file a statement with "a magistrate of the county in which he resides."

The language from the 1879–1939 Missouri Revised Statutes was also modified to reflect the change from justice of the peace to magistrate. The new section read, " the cause shall, on the day fixed for trial, be tried as any ordinary case in magistrate's court." Sec. 430.160, RSMo 1949. As can readily be seen, the only change in that clause was the substitution of the word "magistrate's" for the word "justice's." Further, as under the preceding law, either party could demand a jury trial. Sec. 517.630, RSMo 1949. The identical language of these two provisions from the 1949 statutes appears in the Missouri Revised Statutes for 1959 and 1969 (sec. 430.160 and sec. 517.630).

Following the adoption in 1976 of a new judicial article to the Missouri Constitution, the position of magistrate was abolished. Accordingly, sections 430.160 and 517.630 were amended. Section 430.160, RSMo 1978 directed a person seeking a lien to file it "in circuit court, before a circuit or associate circuit judge." Further, it provided that "the cause shall, on the day fixed for trial, be tried as any ordinary case before an associate circuit judge or a circuit judge, as the case

may be." *Id.* Parties continued to be entitled to demand a jury trial. Sec. 517.630, RSMo 1978.

Section 430.160, RSMo 1978 appears unchanged in RSMo 1986 and RSMo 1994. Both associate circuit court judges and circuit court judges have authority to hear jury cases.

This history demonstrates that since at least 1866, parties to an action to enforce a lien for the boarding and keeping of animals have been entitled to a jury. Although not as specifically spelled out as in the 1866 statute that the trial could be "by jury," subsequent statutes authorizing the case "to be tried as any ordinary case" certainly encompass the right to a jury trial. Moreover, the previously cited cases reflect that under similarly worded statutes, jury trials occurred earlier this century.

The trial court erred in denying defendant's request for a jury trial. Defendant's first point is granted.

### III. Counterclaim

■ In her second point, defendant alleges the trial court erred in overruling her motion to dismiss. She contends that Humane Society's claim "was barred either by res adjudicata or estoppel from bringing this suit as it was a compulsory counterclaim in a prior suit between these same parties involving the same occurrence or transaction and which resulted in final judgment."

Rule 55.32(a) pertains to compulsory counterclaims. It states:

A pleading shall state as a counterclaim any claim that at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim....

This rule is not applicable. It requires the filing of a counterclaim when the party has a claim "against any opposing party." Here, Humane Society does not have a claim "against any opposing party." Rather, its claim seeks to secure a lien on the animals for the amount due for their keeping and boarding. Under the facts of this case and sections 430.150, 430.160, and 430.165, RSMo

1994, Humane Society neither seeks, nor would it be entitled to, a judgment against defendant for its cost in keeping and boarding the animals. Point denied.

#### IV. Statute of Limitations

For her third point, defendant alleges the trial court erred in overruling her motion to dismiss. She contends the claim "was barred by applicable statutes of limitation, including RSMo. 516:130–2 (sic), as [Humane Society's] action was barred under that statute."

Defendant's motion to dismiss contains only one reference to the statute of limitations. It says, "Any and all actions attempted to be asserted in the petition of plaintiff is or are barred by the applicable statutes of limitation relevant thereto."

■ The statute of limitations is an affirmative defense. Rule 55.08. The party asserting that defense must assert the specific section relied upon. *Heintz v. Swimmer*, 922 S.W.2d 772, 774 (Mo.App. E.D.1996). If the party does not assert the specific section, the motion to dismiss is insufficient to raise that affirmative defense. *Id.* at 774–75.

Here, the motion to dismiss does not contain any reference to any specific statutory provision. It does not satisfy the requirement that the pleading assert the particular provision relied upon. Point denied.

#### V. Amount of Lien Award

In her final point, defendant alleges the trial court erred in determining the amount of the award and lien. She contends the amount was not supported by substantial evidence and was against the weight of evidence. We need not address this issue in view of our disposition of defendant's first point.

The trial court's judgment is reversed, and the cause is remanded for further proceedings.

CRAHAN, P.J., and HOFF, J., concur.