**Larry DEUTSCH and Judy Deutsch, Plaintiffs/Appellants,**

v.

**THE BOATMEN'S NATIONAL BANK OF ST. LOUIS, N.A., n/k/a Nations-Bank, Defendant/ Respondent.**

No. 74728.

Missouri Court of Appeals,
Eastern District,
Division Five.

May 11, 1999.

Thomas A. Conelly, St. Louis, for appellant.

David S. Slavkin, Robert G. Lancaster, St. Louis, for respondent.

CHARLES B. BLACKMAR, Senior Judge.

Larry and Judy Deutsch, purchasers, sued Boatmen's National Bank of St. Louis alleging breach of a contract for the sale of a parking lot in downtown St. Louis. The bank moved to dismiss the claims, as stated in the first amended petition. The trial court sustained the motion and entered final judgment of dismissal, finding no just reason for delay. The Deutsches moved the court to set aside the judgment of dismissal. They did not tender a second amended petition but did make a presentation to the trial court, which overruled the motion. The Deutsches appeal. We affirm. We do not need to concern ourselves with other issues in the litigation.

The contract, dated January 31, 1992, was prepared on a form sold by a legal stationer. It contained, in addition to the usual printed provision, some "Special Agreements," the significant one reading as follows:

1. This sale is contingent on the completion of the donation by Seller of the adjoining property, known as 901 Washington, to the Technical Assistance Corporation, on or before the closing. Such donation shall be in Seller's sole discre-

tion and nothing herein shall be deemed to obligate Seller to complete the same. If such donation is not completed on or before the closing date, the agreement shall be null and void, and the earnest deposit shall be returned to Purchaser.

■ In ruling a motion to dismiss, the court is obliged to construe the petition liberally and to take the statements of fact in the petition as true. The question for the court is whether the petition states facts which, if established, demonstrate a right of recovery against the defendant which the law recognizes. If the petition is factually insufficient, the plaintiffs should ordinarily be afforded the opportunity to add additional allegations by way of amendment.

■ Performance of conditions precedent is an essential element of a claim for breach of contract. The first amended petition does not contain general or specific allegations that conditions precedent have been performed or have occurred. The plaintiffs, rather, seem to admit tacitly that the special condition relating to the donation of the 901 Washington property was not performed prior to the closing date as extended, and rely on an excuse for nonperformance. They argue that the performance of this condition was excused because the power to bring it about lies wholly with the defendant bank. They cite cases holding that parties to contracts are presumed to want them to be performed and have the implied obligation to do what they can to effectuate performance. *Goldberg v. Charlie's Chevrolet, Inc.*, 672 S.W.2d 177 (Mo.App.1984), for example, holds that if a contract contains a condition relating to the availability of financing, the purchaser is obliged to make reasonable efforts to secure the specified financing. *Epstein Hebrew Academy v. Wondell*, 327 S.W.2d 926 (Mo.1959) holds that when a contract contains a condition regarding zoning, the seller owes an implied obligation to the buyer not to interfere with efforts to obtain rezoning.

These authorities do not apply to the present case because the "Special Agreement" is sufficiently explicit to negate any implied obligation requiring the bank to complete the donation. From the language used, it is evident that the bank may decide not to make the donation for any reason at all or for no reason. Any implication of a duty to complete the gift would represent an unwarranted imposition of a duty specifically excluded by the contract language. *See Centerre Bank of Kansas City, N.A. v. Distributors, Inc.*, 705 S.W.2d 42 (Mo.App.1985).

We do not need to consider the bank's argument that no contract was formed in the first place. It argues that a contract in which one party has an absolute exit is "illusory," or that it "lacks mutuality." The failure to plead performance of a condition precedent, coupled with the concession on the face of the record that the condition was not performed within the time set for performances as extended, is sufficient to demonstrate that the judgment was for the right party.

■ In ruling the case, we have given attention to the materials adduced by the appellants to determine whether they contain factual allegations which might supply essential items that were lacking in the first amended petition. The appellants point out that the bank eventually donated the 901 Washington property to a subsidiary of Technical Assistance Corporation, but the submission shows that the donation was not made until after the last extension of the closing date had expired. It is without significance that the bank may have made preparations for closing, or may have given assurances that it would close. The special condition expressly states that, if the donation is not made before closing, "the agreement shall be null and void." Thereafter, the bank may do as it elects with the property, free of any burden of the contract.

Although the reply brief is in some respects less than helpful because of absences of specific references, we see no

need to sustain the respondent's motion to strike it. The motion is overruled.

The judgment is affirmed.

ROBERT G. DOWD, Jr., C.J. and KENT E. KAROHL, J. concur.