**Carl and Carol JOHNSON, Appellants,**

v.

**VEE JAY CEMENT, Respondent.**

**No. ED 79642.**

Missouri Court of Appeals,
Eastern District,
Division Two.

June 11, 2002.

Bradley S. Dede, Clayton, MO, for appellants.

Susan M. Herold, St. Louis, MO, for respondent.

Before DRAPER III, P.J., RUSSELL, J., and HOFF, J.

GEORGE W. DRAPER III, Judge.

Carl and Carol Johnson (hereinafter, "Appellants") appeal the judgment of the trial court dismissing their petition for damages against Vee Jay Cement (hereinafter, "Vee Jay"). Appellants claim the trial court erred in two respects. First, Appellants claim the trial court erred in dismissing their petition because they claim Vee Jay failed to raise the running of the statute of limitations properly as an affirmative defense in its answer. Second, Appellants allege that even if Vee Jay did properly raise the statute of limitations defense, their claim is not barred pursuant to Section 516.097 RSMo (2000)[1] and Section 516.110. We affirm in part; reverse and remand in part.

Appellants are the owners of property located at 1901 Ashby Road in St. Louis County. In 1991 through 1992, St. Louis County completed a road construction project which included the widening of Ashby Road and provided for certain alterations to the sidewalk and driveway located on Appellants' property. Appellants claim that they suffered damages to their vehicles and their home as a result of this construction project.

Before addressing the facts at issue in the instant case, it is helpful to set forth the protracted litigation in which Appellants have engaged against other parties in relation to their claims. On September 19, 1995, Appellants filed suit against St. Louis County alleging damages to their property as a result of the widening of the road and the repaving of their driveway. Appellants stated that the work performed by St. Louis County was "below minimum workmanship qualifications" in several respects. Appellants voluntarily dismissed their claim without prejudice on August 25, 1997.

On November 12, 1997, Appellants refiled their petition against the Highway and Traffic Department of St. Louis County (hereinafter, "Highway Department"). In that petition, Appellants allege the same damages based upon the same claims as alleged against St. Louis County in its previous petition.

Highway Department filed a motion to dismiss on December 19, 1997. In its motion, Highway Department argued that Appellants' claims should be dismissed on several grounds: (1) Appellants' claim was barred by sovereign immunity; (2) Highway Department did not receive proper service; (3) Appellants failed to state a claim upon which relief could be granted; and (4) the statute of limitations had expired under Section 516.130 and 516.120. Appellants filed a memorandum in opposition to the motion to dismiss. In their memorandum, Appellants stated that they granted Highway Department a construction easement in exchange for $1,396.00 and that the project was completed in 1992. Appellants claimed they had not ascertained their damages until "well after 1990," and therefore, their claim was not barred by the five-year statute of limitation set forth in Section 516.120. Further,

---

1. All statutory references are to RSMo (2000) unless otherwise indicated.

since they had filed suit previously against St. Louis County in 1995, by refiling their claim in November 1997, less than a year after it was dismissed, Appellants argued that it was filed timely pursuant to Section 516.230. The trial court granted Highway Department's motion to dismiss and dismissed Appellants' petition without prejudice on June 15, 1998, because of improper service.

The suit at issue in the present case was filed on May 28, 1999, against St. Louis County, Highway Department, and Vee Jay. In Count I, Appellants again alleged the same claim for damages based upon the same actions that they claim were performed "below minimum workmanlike qualifications." In Count II, Appellants alleged that Vee Jay, as the cement contractor who contracted with St. Louis County to do the road work, had a duty to design and perform the work in a workmanlike manner. Appellants claim Vee Jay breached their duty, and as a result, they suffered damages.

St. Louis County and Highway Department filed a joint motion to dismiss arguing similar issues that were raised previously. The trial court granted their motion to dismiss and dismissed Count I with prejudice on October 6, 1999. Vee Jay filed an answer alleging, *inter alia*, that Appellants' claims were barred by the statute of limitations, but it did not specify which section applied.

Vee Jay also filed a motion to dismiss on April 20, 2001. Vee Jay argued that it performed all work according to the specifications set forth in the contract with St. Louis County, and the work was completed in January 1992. Vee Jay also argued that Appellants' claim was barred by the statute of limitations pursuant to Sections 516.100 and 516.120. The trial court agreed and dismissed Appellants' claim

against Vee Jay with prejudice on April 27, 2001.

Appellants filed a motion for reconsideration alleging for the first time that their claim fell within the ten-year statute of limitations pursuant to Section 516.097 in that the improvements to their property were performed pursuant to a contract. Appellants stated that the cause of action against Vee Jay had "no direct relation or connection to damage at issue in any prior cases in which the [Appellants] were a party. . . ." The trial court denied Appellants' motion. This appeal follows.

Appellants' first point on appeal claims the trial court erred in granting Vee Jay's motion to dismiss in that Vee Jay failed to raise properly the affirmative defense of statute of limitations in its answer. Appellants argue that Vee Jay's answer did not "contain a short and plain statement of facts showing that the pleader is entitled to the defense or avoidance" as required pursuant to Rule 55.08.

██ A motion to dismiss properly raises the defense of statute of limitations. *Braun v. Petty*, 31 S.W.3d 521, 523 (Mo. App. E.D.2000). Moreover, the party asserting the statute of limitations defense must assert a specific section relied upon; if the party does not assert a specific section, the motion to dismiss is insufficient to raise that affirmative defense. *Humane Soc. of Missouri v. Boshers*, 948 S.W.2d 715, 718 (Mo.App. E.D.1997).

██ Vee Jay stated in its answer that Appellants' claim was barred by the applicable statute of limitation; however, it did not specify which section applied. In its motion to dismiss, Vee Jay set forth several grounds on which it claimed Appellants' claim was time-barred with specificity. This was sufficient to raise the statute of limitations defense. Point denied.

Appellants' second point on appeal claims the trial court erred in dismissing their petition because it was not barred by the statute of limitations. Appellants argue that the ten-year statute of limitations pursuant to Sections 516.097 and 516.110 applies to their petition because they are bringing a tort claim for "defective improvement to real property and under a writing for the payment of money and property."

■ In ruling on a motion to dismiss, the trial court is obliged to construe the petition liberally, to take the statements of fact in the petition as true, and to determine whether the petition states facts which, if established, demonstrate a right of recovery against the defendant which the law recognizes. *Nazeri v. Missouri Valley College*, 860 S.W.2d 303, 306 (Mo. banc 1993); *Deutsch v. Boatmen's Nat. Bank of St. Louis, N.A.*, 991 S.W.2d 206, 208 (Mo.App. E.D.1999). Further, when the trial court does not specify its reasons for dismissing a petition, this Court presumes the trial court acted for one of the reasons stated in the motion to dismiss. *City of Chesterfield v. DeShetler Homes, Inc.*, 938 S.W.2d 671, 674 (Mo.App. E.D. 1997). We will affirm the order of dismissal if any ground supports the motion, regardless of whether the trial court relied on that ground. *Id.* When an affirmative

defense such as statute of limitations is asserted in support of a motion to dismiss, the petition may not be dismissed unless it clearly establishes on its face and without exception that it is barred. *Sheehan v. Sheehan*, 901 S.W.2d 57, 59 (Mo. banc 1995).

■ In this case, Appellants make no reference to any date in their petition. There is no date that specifies when the work was completed, and no date that determines when damages accrued or were ascertainable. Vee Jay concedes in its brief that none of the petitions previously filed, nor the current petition at issue here, makes any mention of any date. However, Vee Jay asks us to examine Appellants' deposition testimony as a means to ascertain the relevant dates.

However, this is not a motion for summary judgment and there is no indication by the trial court that it treated Vee Jay's motion to dismiss as a motion for summary judgment.[2] If that were the case, we would be able to review all extraneous materials, such as the discovery conducted in this case or the previous litigation, to determine whether Appellants' claim is time-barred. *See Manzer v. Sanchez*, 985 S.W.2d 936, 939 (Mo.App. E.D.1999).

However, our standard of review mandates that we review the petition on its face alone to determine whether it estab-

---

**2.** *See City of Chesterfield v. DeShetler Homes, Inc.,* 938 S.W.2d 671 (Mo.App. E.D.1997)(holding that trial court's dismissal of city's case against developer for ordinance violation would be treated on appeal as dismissal on the pleadings rather than summary judgment, despite fact that developer had apparently submitted materials outside pleadings to court; there was no evidence that court notified parties that it intended to review pleadings and materials as summary judgment); *Jordan v. City of Kansas City,* 972 S.W.2d 319 (Mo.App. W.D.1998)(reviewing trial court's ruling as a grant of a motion to dismiss, even though matters outside the record were before the trial court, where nothing in the record suggested that the court considered anything other than the petition in ruling on motion to dismiss); and *Shouse v. RFB Const. Co., Inc.* 10 S.W.3d 189 (Mo.App. W.D.1999)(treating circuit court's judgment as dismissal on pleadings, not summary judgment, even though trial court heard motion to dismiss on affidavits, where circuit court never indicated to parties that it intended to treat motion as one for summary judgment, and parties were not provided reasonable opportunity to present all materials pertinent to summary judgment).

lishes clearly and without exception that Appellants' petition is time-barred. Upon review of the petition alone, in the absence of any reference to any date of when damages accrued or were ascertainable, we hold that the trial court erred when it dismissed Appellants' petition with prejudice because it is not established clearly that Appellants' claim is barred. Therefore, the case is remanded to the trial court for further proceedings consistent with this opinion.

The judgment of the trial court is affirmed in part, reversed and remanded in part.

MARY R. RUSSELL, J., and MARY K. HOFF, J., concur.